**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONALD YORK EVANS, *et al.*

      Plaintiffs,

  vs.

HOWARD SKOLNIK, *et al*.,

      Defendants.

3:08-cv-00353-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

October 2, 2009

      This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are the following motions: defendant Inmate Calling Solutions, Inc.'s ("ICS") motion to dismiss (#83), defendant Global Tel Link Corporation's ("GTL") motion to dismiss (#99), and defendant Embarq Payphone Services, Inc.'s ("Embarq") combined motion to dismiss and motion for summary judgment (#85). Plaintiff Donald York Evans dismissed his claims against ICS with prejudice (#62). He has failed to oppose any motions from the remaining private party defendants. Plaintiff John Witherow has opposed all motions to dismiss (#89, 104, 107) and defendants have replied (#92, 112, #116).[1] For the reasons stated below, the court recommends that defendants' motions to dismiss be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

      Plaintiff John Witherow ("Witherow") is currently incarcerated by the Nevada Department of Corrections ("NDOC") at High Desert State Prison ("HDSP") (#63), and plaintiff Donald York

---

[1] Embarq has filed a combined motion to dismiss and motion for summary judgment (#85). Witherow opposed and also filed a motion to stay summary judgment proceedings (#104). Embarq opposed Witherow's motion to stay summary judgment (#114), and Witherow replied (#116). For the reasons stated herein, the court need not consider Embarq's motion for summary judgment and thus finds Witherow's accompanying motion to stay such proceedings moot.

1  Evans ("Evans") is a Nevada attorney who maintained an attorney-client relationship with
2  Plaintiff Witherow (#2, p. 3). On June 25, 2008, Witherow and Evans (collectively "plaintiffs"),
3  through counsel Marc Picker, Esq., brought this action pursuant to 42 U.S.C. § 1983 and the
4  Electronic Communications Privacy Act, 18 U.S.C. §§ 2511, 2520 (#1, 2). Plaintiffs named ICS
5  and the following public officials as defendants: Howard Skolnik, NDOC Director; Don Helling,
6  Assistant Director of Operations of NDOC; William Donat, Nevada State Prison Warden; Brian
7  Henley, Nevada State Prison Correctional Lieutenant; Lea Baker, Nevada State Prison
8  Correctional Officer, and other unnamed defendants (#2, pp. 2-3).

9  The gravamen of plaintiffs' complaint maintains that prison officials improperly
10  monitored attorney-client telephone calls in violation of constitutional and federal statutory rights
11  while Witherow was incarcerated at Nevada State Prison ("NSP"). *Id.* pp. 4-5. In December
12  2008, plaintiffs then filed a first amended compliant ("FAC"), adding GTL and Embarq as parties
13  (#33). However, in May 2009, Witherow moved the court to proceed *pro se* (#60). He then filed
14  a second amended complaint ("SAC") (#80), which includes one hundred-sixteen causes of action
15  (#80). As in the FAC, Witherow alleges that prison officials intercepted and monitored attorney-
16  client phone calls, but in the SAC, he identifies each intercepted call as a separate cause of action.
17  *Id.* He names ICS, GTL, and Embarq as defendants because the companies "were contracted by
18  the NDOC during the relevant time period to maintain and operate" the telephone system. *Id.* p.
19  7.

20  With regard to Evans's claims, he has dismissed his claims with prejudice against ICS (#
21  62), and he has not opposed the remaining motions to dismiss from GTL and Embarq. On the
22  other hand, Witherow has opposed all motions to dismiss (#89, 104, 107).

23  The court notes that Witherow is proceeding *pro se*. "In civil cases where the plaintiff
24  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
25  of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also*
26  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

27  ///
28  ///

## II.  DISCUSSION & ANALYSIS

**A.  Discussion**

    **1.  Motion to Dismiss Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 1955.  The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  *Twombly*, 550 U.S. at 583 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court employs to a two-pronged approach.  *Id.*  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id.*  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*  In other words, "a plaintiff must aver in his complaint 'sufficient factual matter, accepted as true, to state a claim that is plausible on its face.'" *al-Kidd v. Ashcroft*, No. 06-36059, 2009 WL 2836448, at *5 (9th Cir. Sept. 4, 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).  We must accept as true all facts alleged in the complaint and draw all reasonable references in favor of plaintiff.  *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008).

    **2.  Unopposed Motions to Dismiss**

A district court may dismiss a claim for failure to follow the local rules.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding dismissal for failure to file opposition to motion to dismiss).  United States District Court for the District of Nevada Local Rule 7-2 addresses the manner in which motions, oppositions, and replies must be filed.  "The failure of

an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d).

### 3. Conversion of Motion to Dismiss to Summary Judgment

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, Rule 12 provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added). A motion filed with extraneous materials is to be treated as a motion for summary judgment only if the court relies on the material. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir. 2003). Conversion to summary judgment is at the discretion of the court, and the court must take some affirmative action before conversion is effected. *Id.* at 1144.

## B. Analysis

### 1. Evans's Claims

Defendants GTL and Embarq assert that the court should dismiss Evans's claims in the FAC for failure to comply with District of Nevada Local Rule 7-2(d) (#90, p. 2; #112, p. 3). The court agrees. Evans was served with defendants' motions (#85, p.9; #99, p. 14), but he did not respond. Pursuant to the local rule, the court construes Evans's failure to oppose as consent to the motion. Therefore, the court recommends granting GTL's and Embarq's motions to dismiss with respect to Evans's claims in the FAC.[2]

### 2. Witherow's Claims

Witherow asserts claims under 42 U.S.C. § 1983 and 18 U.S.C. §§ 2511, 2520 (#80). The

---

[2] In its combined motion (#85), Embarq submits materials outside the pleadings (an affidavit of Embarq employee, Trudi R. Daron, and copies of records of Witherow's calls (#85, Ex. 1). The court excluded such matters from its determination of the instant motion. Accordingly, the court declines Embarq's request to convert the instant motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(d).

4

1    court examines the sufficiency and plausibility of these claims below.

2                        **a.    Section 1983**

3          Witherow alleges violations of his rights and seeks relief from ICS, GTL and Embarq in

4    his SAC pursuant to 42 U.S.C. § 1983.[3]  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injury in an action at law.

9    To state a claim for relief in an action brought under § 1983, plaintiff must establish that he was

10   deprived of a right secured by the Constitution or laws of the United States, and that the alleged

11   deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.

12   40, 50 (1999); *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).  Section 1983 does not

13   create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal

14   constitutional and statutory challenges to actions by state and local officials. *Cholla Ready Mix,*

15   *Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004).  "The purpose of § 1983 is to deter state actors

16   from using the badge of their authority to deprive individuals of their federally guaranteed rights."

17   *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).

18         Witherow maintains that the defendants are state actors by virtue of providing telephone

19   services to prisoners (#89, p. 7; #107, p. 7; #104, pp. 12-13).  Defendants' position is that the

20   mere performance of services under contract with the NDOC is insufficient to render them state

21   actors (#99, pp. 8-10; #92, pp. 5-8).

22         That the defendants act under color of state law is "a jurisdictional requisite for a § 1983

23   action."  *West v. Atkins*, 487 U.S. 42, 46 (1988).  "State action requires *both* an alleged

24   constitutional deprivation 'caused by the exercise of some right or privilege created by the State

25   or by a rule of conduct imposed by the State or by a person for whom the State is responsible,'

26   *and* that 'the party charged with the deprivation must be a person who may fairly be said to be

---

[3] Because defendants' motions contained similar contentions, the court will refer to the defendants' motions collectively.

5

1  a state actor." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982) (emphasis in original)). "Where, as here, deprivations of rights under the Fourteenth Amendment are alleged, these two requirements converge." *Id.*; *see Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997) ("Although section 1983's under-color-of-state-law requirement is technically separate from the Fourteenth Amendment's state-action requirement, the two inquiries are closely related."). Faithful adherence to the 'state action' requirement of the Fourteenth Amendment requires careful attention to the gravamen of the plaintiff's complaint." *Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982). An analysis of whether unconstitutional conduct is fairly attributable to the State begins by identifying "the specific conduct of which the plaintiff complains." *Id.*, *noted in Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 51.

In this case, Witherow alleges that prison officials and private party defendants deprived him of his Fourth and Fourteenth Amendment rights when they intercepted and eavesdropped on his attorney-client telephone calls. The issue the court must address here is whether defendants' alleged actions of maintaining and operating the NSP telephone system may be fairly attributable to the state so as to subject these private party defendants to the constraints of federal suit under § 1983.

The analysis proceeds with the presumption that private conduct does not constitute state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982). Courts have articulated four distinct approaches to determine whether the acts of private defendants constitute state action question: (1) the "public function" approach, which inquires as to whether the acts of the private actor are a traditionally exclusive governmental function; (2) the "state compulsion" approach, which inquires as to whether state law or custom has required a certain course of action; (3) the "close nexus" approach, which considers whether the pleadings demonstrate close state involvement; and (4) the "joint action" approach, which considers whether private actors are willful participants in joint action with the state. *See George v. South Pacific-CSC Work Furlough*, 91 F.3d 1227, 1230-32 (9th Cir. 1996); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 505-09 (9th Cir. 1989).

Witherow fails to argue which test should apply; he simply maintains that the contractual

relationship between defendants and the NDOC is sufficient to convert private parties to state actors.[4] The court disagrees. Providing services that the state would not necessarily provide does not automatically render the acts of privately owned enterprises attributable to the state. *See Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50. Moreover, the Court has explicitly indicated that "[a]cts of such private contractors do not become acts of the government by reason of their significant *or even total engagement* in performing public contracts." *Rendell-Baker*, 456 U.S. at 830 (emphasis added). Here, the sole means by which Witherow associates defendants to his alleged constitutional deprivation is a contractual obligation to maintain the NSP telephone system. The court accepts all Witherow's allegations as true, but such allegations are insufficient to make the defendants state actors amenable to suit under § 1983. Therefore, the court grants defendants' motions to dismiss for failure to state an essential element of a § 1983 claim.[5]

### 3.     Electronic Communications Privacy Act: 18 U.S.C. §§ 2511, 2520

Witherow additionally asserts a cause of action against defendants under the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510-2521 ("ECPA") for allegedly intercepting and eavesdropping on attorney-client telephone calls. The ECPA provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520. The ECPA

---

[4] Regardless of which test is selected, the court finds that the result is the same. Under the public function test, phone service is not a "traditionally exclusive government function." *George*, 91 F.3d at 1230 (quoting *Rendell-Baker*, 456 U.S. at 842). Under the state compulsion test, the plaintiff must show that a private entity has acted because a state law or custom requires a certain course of action. *Id.* at 1232. Witherow has not alleged any such actions. In fact, Witherow provides the court with state statutes and regulations which explicitly prohibit the monitoring of attorney-client phone calls. Under the "nexus" test, the court considers whether plaintiff's pleadings demonstrate sufficiently close involvement. *Id.* at 1231-32 (citing *Rendell-Baker*, 456 U.S. at 841-42). Beyond their contractual relationship, Witherow does not allege further government involvement. Under the joint action approach, the private actor must be a "willful participant in joint action." *Id.* at 1231 (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). Apart from the existence of a contract, Witherow provide no facts which allege joint action.

[5] Because the court finds that defendants' are not amenable to suit under § 1983, the court need not reach the substance of the constitutional questions underlying Witherow's complaint.

1  provides for injunctive relief as well. *See* 18 U.S.C. § 2521. Specifically, the ECPA prohibits
2  the *intentional* interception of wire communications. *See* 18 U.S.C. § 2511(1)(a). It provides:
3  "Any person who intentionally intercepts, endeavors to intercept, or procures any other person
4  to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . shall be
5  subject to suit. . . ." *Id.*; *see Forsyth v. Barr*, 19 F.3d 1527 (5th Cir. 1994); *DirecTV, Inc. v.
6  Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005). For example, in *Pahnke*, the district court
7  granted summary judgment to the plaintiff-cable television provider and held that the purchase
8  and use of devices that were designed, marketed, and used to permit illegal programming
9  constituted "intentional interception." *Pahnke*, 405 F. Supp. 2d at 1189.

10  Under *Iqbal*'s two-pronged standard, Witherow fails to state a claim. First, Witherow
11  alleges that defendants "acted intentionally" (#80, p. 13), but the court need not accept such an
12  unsupported legal conclusion as true. *See Iqbal*, 129 S.Ct. at 1955. Second, Witherow does not
13  provide sufficient factual matter to state a plausible claim that defendants "intentionally" engaged
14  in the interception of his attorney-client telephone calls. In his opposition, Witherow makes much
15  of defendants' awareness that the NSP telephone system was capable of monitoring such calls
16  (#104, pp. 16-17). Unlike the devices in *Pahnke*, which were specifically designed for illegal
17  activity, the phone system here performs acts that are legal. *See United States v. Van Poyck*, 77
18  F.3d 285, 290-91 (9th Cir. 1996) ("[N]o prisoner should reasonably expect privacy in his
19  outbound telephone calls."). The monitoring of prisoner phone calls is well known, and
20  Witherow even cites Nevada Revised Statute section 209.419, which notifies inmates of the
21  practice.[6] The court declines Witherow's attempt to attribute the acts of those public officials
22  who allegedly monitored the attorney-client telephone calls to the defendants who simply

---

[6]     Nevada Revised Statutes section 209.419 provides notice as follows:

> Communications made by an offender on any telephone in an institution or facility to any person outside the institution or facility may be intercepted if: (a) The interception is made by an authorized employee of the Department; and (b) Signs are posted near all telephones in the institution or facility indicating that communications may be intercepted.

8

1  provided and maintained the telephone system under a contract with the NDOC.

2  Therefore, the court grants defendants' motions to dismiss because plaintiff has failed to state a necessary element for a claim under 18 U.S.C. §§ 2511, 2520, 2521.[7]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes as follows:

> (1) Evans's failure to oppose GTL's motion to dismiss is deemed as consent to the motion pursuant to District of Nevada Local Rule 7-2(d);
>
> (2) Evans's failure to oppose Embarq's motion to dismiss is deemed as consent to the motion pursuant to District of Nevada Local Rule 7-2(d);
>
> (3) ICS, GTL, and Embarq are not state actors by virtue of their contractual relationship with the state to provide telephone service at NSP;
>
> (4) Witherow has failed to allege an essential element of a § 1983 claim because such private defendants are not amenable to suit under 42 U.S.C. § 1983; and
>
> (4) Witherow has failed to provide sufficient factual matter to support a plausible claim for violation of 18 U.S.C. § 2511.

As such, the court respectfully recommends that ICS's motion to dismiss (#83) be **GRANTED**; that GTL's motion to dismiss (#99) be **GRANTED**; that Embarq's combined motion to dismiss and motion for summary judgment (#85) be **GRANTED** as to the motion to dismiss and that its motion for summary judgment be **DENIED**; and that Witherow's motion to stay summary judgment proceedings be **DENIED** as moot.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

---

[7] For the same reasons stated above in note 2, the court declines to convert Embarq's motion to dismiss to a motion for summary judgment.

1    2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that ICS's motion to dismiss (#83) be **GRANTED**; that GTL's motion to dismiss (#99) be **GRANTED**; that Embarq's combined motion to dismiss and motion for summary judgment (#85) be **GRANTED** as to the motion to dismiss and that its motion for summary judgment be **DENIED**; and that Witherow's motion to stay summary judgment proceedings be **DENIED** as moot.

**DATED:** October 2, 2009.

*/s/ Valerie P. Cooke*

_____
**UNITED STATES MAGISTRATE JUDGE**