# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD YORK EVANS, et al., | 3:08-CV-0353-RCJ (VPC) |
| Plaintiffs, | |
| vs. | **ORDER** |
| INMATE CALLING SOLUTIONS, et al., | |
| Defendants. | |

Plaintiff John Witherow has filed a letter requesting recusal of the magistrate judge (#144). The court has construed this letter as a motion, defendants filed an opposition (#145), and plaintiff replied (#150).

Recusal is governed by 28 U.S.C. §§ 144 and 455. Under section 144, a party seeking recusal must set forth, in an affidavit, facts and reasons for the belief that bias or prejudice exists. *See* 28 U.S.C. § 144. The standard for recusal under Sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id*. The challenged judge should rule on the legal sufficiency of a recusal motion in the first instance. *Id.* at 939.

Plaintiff has failed to identify any extra judicial factors to support plaintiff's claim that the magistrate judge is biased. Questions about a judge's impartiality must arise from sources other than judicial proceedings. *Clemens v. U.S. Dist. Court for Central Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005). Plaintiff's motion for recusal of magistrate judge is without merit. Plaintiff has shown no reason for this judge's impartiality in this case to be questioned.

/ / /

/ / /

1. IT IS THEREFORE ORDERED that plaintiff's motion to recuse (#144) is **DENIED**.
2. IT IS SO ORDERED.
3. DATED: March 2, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

2