1
2
3
4
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
5
6   DONALD YORK EVANS, et al.,                    )        3:08-CV-0353-RCJ (VPC)
                                                  )
7              Plaintiffs,                        )
                                                  )
8         vs.                                     )        **ORDER**
                                                  )
9   INMATE CALLING SOLUTIONS, et al.,             )
                                                  )
10             Defendants.                        )
    _____       )
11
12            Before the court is the motion of plaintiff, John Witherow, ("Mr. Witherow") for reconsideration
13   of motion for leave to file third amended complaint (#142).  The following defendants filed opposition
14   memoranda: Howard Skolnik, Don Helling, William Donat, Brian Henley, and Lea Baker ("NDOC
15   defendants") (#146); Inmate Calling Solutions, LLC (#147); and Embarq Payphone Services, Inc.
16   (#149).  Mr. Witherow replied (#s 151 & 152).  For the reasons set forth below, Mr. Witherow's motion
     for reconsideration is denied.
17
          **I.      Procedural History**
18
              Mr. Witherow filed his original complaint on June 25, 2008 (#1) and subsequently filed an
19
     amended complaint on December 19, 2008 (#33).  Thereafter, the court granted Mr. Witherow's motion
20
     to proceed *in pro per* (#60), and also granted Mr. Witherow leave to file a second amended complaint,
21
     which he filed on May 5, 2009 (#80).  Two defendants, Inmate Calling Solutions, and Global Tel Link,
22
     filed motions to dismiss (#s 83 & 99), and Embarq filed a combined motion to dismiss and for summary
23
     judgment (#85).
24
              On October 2, 2009, this court issued a report and recommendation granting the motions to
25
     dismiss of Inmate Calling Solutions and Global Tel Link, and it granted Embarq's motion to dismiss,
26
     but denied its motion for summary judgment (#117).  Mr. Witherow objected to the report and
27
     recommendation (#118), which the District Court overruled (#122).  Mr. Witherow then filed a motion
28

for clarification concerning whether the District Court's order permitted Mr. Witherow to amend his claims (#123).  Before the District Court issued its order on the motion for clarification, Mr. Witherow filed a motion for leave to file a third amended complaint (#127).   On December 23, 2009, two weeks after Mr. Witherow filed his motion for leave to amend, the District Court granted the motion for clarification, and responded in answer to Mr. Witherow's question whether the District Court's order adopting the report and recommendation permitted Mr. Witherow to amend his complaint, "It did not" (#134).  In light of the foregoing, this court denied as moot Mr. Witherow's motion for leave to file a third amended complaint (#141).

Mr. Witherow now seeks leave for reconsideration of his motion for leave to file third amended complaint.

## II.      Discussion and Analysis

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders, such as an order granting a partial motion to dismiss. *See, e.g.,* Fed. R. Civ. P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. *See id.* at 886-87. Although several districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, *see Motorola, Inc., v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 583-85 (D. Ariz 2003) (collecting examples), this court has not done so. Instead, it has utilized the standard for a motion to alter or amend judgment under Rule 59(e) when evaluating motions to reconsider an interlocutory order.

A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. U.S.*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence; (2) has committed clear error;

2

or (3) there has been an intervening change in controlling law. *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is properly denied where it presents no new arguments, *see Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). By the same token, however, it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc.*, 229 F.3d at 890.  As the case law indicates, motions to reconsider are granted sparingly.  *See, e.g., School Dist. No. 1J,* 5 F.3d at 1263.

Plaintiff presents no new facts or law to persuade this court that it should reverse its January 20, 2010 order (#141).  Plaintiff requested clarification of the District Court's order, and on December 23, 2009, the District Court stated unequivocally that plaintiff did not have leave to file to file a third amended complaint (#134).  Prior to the issuance of that order, plaintiff had filed his motion for leave to file third amended complaint on December 7, 2009 (#127); therefore, it is reasonable to conclude that the District Court was well aware of the pending motion to amend.  Plaintiff's separate request for leave to amend was properly deemed moot, because the District Court had already considered the issue.

**III.   Conclusion**

Based upon the foregoing, and for good cause appearing, plaintiff's motion for reconsideration of motion for leave to file third amended complaint (#142) is **DENIED.**

**IT IS SO ORDERED.**

DATED:   April 27, 2010.

_____
UNITED STATES MAGISTRATE JUDGE