1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

| | |
|---|---|
| DONALD YORK EVANS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | )   Case No.: 3:08-cv-00353-GMN-VPC |
| | ) |
| INMATE CALLING SOLUTIONS, et al., | )   **ORDER** |
| | ) |
| Defendants. | ) |
| | ) |

9

10          Before the Court is Plaintiff John Witherow's Objection (ECF No. 180) to the

11     Order (ECF No. 175) issued by Magistrate Judge Valerie P. Cooke on August 31, 2010.

12     Defendants have filed a timely Response (ECF No. 183).  For the reasons that follow,

13     Plaintiff's Objection is DENIED, and Magistrate Judge Cooke's Order is AFFIRMED.

14          **I.          BACKGROUND**

15          Attorney Donald York Evans and Nevada State prisoner John Witherow

16     ("Plaintiffs") brought this lawsuit, alleging that a number of Nevada Department of

17     Corrections employees intercepted and eavesdropped on Plaintiffs' confidential

18     attorney/client telecommunications. (Compl., ECF No. 2, at ¶¶14–15.)  A number of

19     discovery stays pushed back the discovery deadline.  The case was recently stayed

20     (Minute Order, ECF No. 148) and before discovery was re-opened following that stay,

21     the parties were ordered to meet and agree on a new discovery plan. (Minute Order, ECF

22     No. 161.)  All parties agreed that the deadline to seek leave to amend would be August

23     13, 2010. (Scheduling Order, ECF No. 164.)   Magistrate Judge Cooke signed this

24     Discovery Plan and Scheduling Order, including a handwritten note indicating, "*There*

25     *will be no extension of this order. VPC.*" (ECF No. 164.)

1    Before the August 13, 2010 deadline for filing a motion seeking leave to amend,

2    Plaintiff Witherow requested a modification of the Scheduling Order to allow him an

3    extension of time to prepare and file an amended complaint (ECF No. 169).  Magistrate

4    Judge Cooke denied his request to extend the deadline the parties had agreed to in the

5    Scheduling Order.  Plaintiff never actually requested leave to amend nor identified the

6    parties he sought to add as defendants in this lawsuit.  Furthermore, Plaintiff Witherow

7    had already filed two Amended Complaints in this action (ECF Nos. 33 & 80) after the

8    initial Complaint (ECF No. 1).

9    Plaintiff Witherow now objects to the portion of Magistrate Judge Cooke's August

10   31, 2010 Order (ECF No. 175) in which Magistrate Judge Cooke ordered that "the

11   deadline to amend to [sic] pleadings and add parties has passed and leave to amend will

12   not be granted," (Order 2, ECF No. 175).  Plaintiff Witherow contends that he needs

13   additional time to file an amended complaint because he has still not received all of the

14   materials he requested from the Nevada Department of Corrections during the discovery

15   process. (Objection 2, ECF No. 180.)

16   **II.    DISCUSSION**

17   Local Rule of Practice IB 1-3 confers upon magistrate judges the authority to issue

18   orders concerning pretrial matters, providing: "[a] magistrate judge may hear and finally

19   determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. §

20   636(b)(1)(A)."  The determination of whether to allow the filing of an amended

21   complaint is not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), nor

22   is it a dispositive matter, so Judge Cooke properly exercised her authority over this issue.

23   Local Rule of Practice IB 3-1(a) articulates the standard of review that a district

24   court judge must apply when reviewing a magistrate judge's decision with regard to a

25   matter--such as this one--that may be finally determined by a magistrate judge.  Local

1   Rule IB 3-1(a) provides, in part:

2   
3
> A district judge may reconsider any pretrial matter referred to a magistrate
> judge in a civil or criminal case pursuant to LR IB 1-3 where it has been
> shown that the magistrate judge's ruling is clearly erroneous or contrary to
> law.  Any party wishing to object to the ruling of the magistrate judge on a
> pretrial matter shall, within fourteen (14) days from the date of service of
> the magistrate judge's ruling, file and serve specific written objections
> together with points and authorities in support thereof.

4

5

6

7   D. Nev. R. IB 3-1(a); *see* 28 U.S.C. § 636(b)(1)(A) (indicating that "[a] judge of the court

8   may reconsider any pretrial matter under this subparagraph (A) where it has been shown

9   that the magistrate judge's order is clearly erroneous or contrary to law").  Thus, this

10  Court may not overturn Judge Cooke's ruling unless it is clearly erroneous or contrary to

11  law.  This clearly erroneous standard is significantly deferential to the initial ruling, and

12  this Court will only overturn the magistrate judge's decision if, upon review, the Court is

13  left with a definite and firm conviction that a mistake has been made. *See David H.*

14  *Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169–70 (9th Cir 1996).

15       Normally, Federal Rule of Civil Procedure 15(a) is to be applied liberally and

16  leave to amend the pleadings is to be freely given unless the amendment would cause the

17  opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility,

18  or creates undue delay.  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160

19  (9th Cir. 1989). However, where, as here, a Federal Rule of Civil Procedure 16(b) case

20  management scheduling order sets a deadline for amending pleadings and the moving

21  party wishes to amend its pleadings after that deadline, the Court must first modify the

22  scheduling order to permit such an amendment. *See Johnson v. Mammoth Recreations,*

23  *Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  A scheduling order "may be modified only

24  for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d

25  at 608–09.  This good cause standard "primarily considers the diligence of the party

1   seeking the amendment. The district court may modify the pretrial schedule if it cannot

2   reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975

3   F.2d at 609 (internal quotation marks omitted).

4        With that standard in mind and in light of the procedural history of this case, the

5   Court does not find the objected-to portion of Judge Cooke's Order to be clearly

6   erroneous.  This Court is not left with the definite and firm impression that Magistrate

7   Judge Cooke made a mistake in reaching her implicit finding--that good cause did not

8   exist for any of the parties to amend their pleadings after her August 31, 2010 Order--or

9   in making an Order in accordance with that finding.  Although Plaintiff  Witherow

10  alleges in his Objection that he has been unable to resolve discovery issues with the

11  Nevada Department of Corrections and that has caused him to be unable to file a third

12  amended complaint in a timely fashion, it is not clear from the record that Plaintiff

13  Witherow has been diligent in his attempts to resolve these discovery matters.  Plaintiff

14  has had nearly two years since the entry of the initial Discovery Plan/Scheduling Order in

15  February of 2009 (Minute Order, ECF No. 55) in which to resolve discovery disputes and

16  request leave to file an amended complaint. Without a far more thorough showing of

17  diligence on Plaintiff Witherow's part than this Court has been presented with, the Court

18  cannot find Magistrate Judge Cooke's decision to be clearly erroneous.

19  Further, without a showing that there actually is information in the possession of the

20  Nevada Department of Corrections that will aid Plaintiff Witherow in amending his

21  complaint and adding parties, this Court will not overturn Magistrate Judge Cooke's

22  Order.  This is because Magistrate Judge Cooke's implicit finding of a lack of good cause

23  cannot be found to be clearly erroneous when, as here, the moving party's arguments in

24  support of good cause appear to amount to little more than speculation.  While Plaintiff's

25  request to extend the deadline was filed timely, (before the actual deadline), his request

nonetheless appears to be premature since Plaintiff admits he has not yet discovered the information he seeks to include in his proposed amended pleading. See D. Nev. R. 15-1(a) (requiring the moving party to attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading).  Plaintiff's failure to demonstrate diligence coupled with his speculative argument rebuts his claim of "clear error" and highlights the fact that Magistrate Judge Cooke's Order has not actually prejudiced him in any real sense.

Moreover, even if there were good cause, Magistrate Judge Cooke would not necessarily be required to allow Plaintiff Witherow to amend his complaint, as the language of Federal Rule of Civil Procedure 16(b)(4) is permissive: the Rule merely notes that "[a] schedule *may* be modified only for good cause and with the judge's consent" (emphasis added); it does not require that a judge allow amendment upon a showing of good cause.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff Witherow's Objection (ECF No. 180) is DENIED.  Magistrate Judge Cooke's Order (ECF No. 175) is hereby AFFIRMED.

DATED this 1st day of December, 2010.

_____
Gloria M. Navarro
United States District Judge