1

2

3

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

5

6    DONALD YORK EVANS, et al.,                    )          3:08-CV-0353-GMN (VPC)
                                                   )
7             Plaintiffs,                          )
                                                   )          **ORDER**
8        vs.                                       )
                                                   )
9    HOWARD SKOLNIK, et al.,                        )
                                                   )
10            Defendants.                          )
     _____)

11

12        On December 1, 2010, this court considered defendants' motion to compel and request for

13   sanctions (#184) against plaintiff Donald York Evans.  The court granted the motion and ordered that

14   Mr. Evans provide responses to outstanding discovery by December 8, 2010 (#188).  The court also

15   granted defendants' requests for an award of attorney's fees and costs as a sanction, and directed Mr.

16   Evans's counsel to submit a memorandum of attorney's fees and costs.  The court indicated that it would

17   determine the amount of sanctions to be ordered under separate order.

18        Defendants' counsel, Mr. Simon, filed an itemized billing in support of defendants' motion to

19   compel and request for sanctions (#189), supported by his declaration (#189-1, Ex. A).  The court now

20   considers defendants' memorandum of costs and attorney's fees.

21        **I.      Discussion**

22        Defendants are the prevailing party to the extent that the court determined that Mr. Evans should

23   have provided defendants with outstanding responses to discovery requests.  The court concluded that

24   an award of attorney's fees and costs was proper under the circumstances, and must now calculate a

25   reasonable fee award.

26        Calculation of reasonable attorney's fees is a two-step process.  First, the court computes the

27   "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of hours

28

1   reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000)

2   (citation omitted).  Each is addressed in turn.

3           *A.      Step One*

4                   **1.       Reasonable Hourly Rate**

5           It is customary for attorneys to bill an hourly rate for legal services provided, and Mr. Simon

6   attests that his hourly rate is $350.00.  Plaintiff's counsel and Mr. Evans, himself an attorney, have billed

7   at an hourly rate of $350.00 for legal services rendered in civil rights actions filed in this court. *See*, Ex.

8   A, #189-1.  The court is quite familiar with the expertise required to represent parties in § 1983 litigation

9   in this court and finds Mr. Simon's hourly rate of $350.00 is reasonable.

10                  **2.       Hours Reasonably Expended**

11          Mr. Simon's declaration provides the dates on which he provided legal services in connection

12  with the motion to compel and for sanctions, a task summary of work performed for each entry, and the

13  time spent on each task.  The court is familiar with the papers Mr. Simon filed in support of his motion,

14  and the time allocated for preparation for the hearing and travel, and finds his attorney's fees are

15  reasonable.

16          *B.      Step Two*

17          The next step is to decide whether to increase or reduce the lodestar amount based upon the *Kerr*

18  factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119.  The *Kerr*

19  factors are: (1) the time and labor required, 2) the novelty and the difficulty of the questions involved,

20  3) the skill required to perform the legal service properly, 4) the preclusion of other employment by the

21  attorney due to the acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent,

22  7) time limitations imposed by the client or circumstances, 8) the amount involved and the results

23  obtained, 9) the experience, reputation, and ability of the attorney, 10) the "undesirability" of the case,

24  11) the nature and length of the professional relationship with the client, and 12) awards in similar

25

26

27

28
                                                    2

1   cases. *Kerr v. Screen Extras Guild, Inc.,* 525 F.2d 67, 70 (9th Cir. 1975).[1]  The court now considers the

2   relevant *Kerr* factors.[2]

3              **1.     The Results Obtained and the Amount Involved** – **LR 54-16(3)(A)**

4         Defendants' motion to compel was granted in its entirety, including the request for sanctions, and

5   the amount involved in attorney's fees, $4,305.00, is not insignificant.

6              **2.     The Novelty and Difficulty of the Questions Involved – LR 54-16(3)(C)**

7         Defendants' motion is one that is routinely filed in civil discovery disputes, although sanctions

8   are not routinely granted.  The facts and law presented are not highly complex issues, but it is tedious

9   work to draft a motion to compel and to review the numerous discovery requests at issue in this dispute.

10             **3.     The Skill Requisite to Perform the Legal Service Properly – LR 54-16(3)(D)**

11        The issue before the court was a dispute between the parties concerning unanswered discovery,

12  and a lawyer with moderate experience could capably prepare the motion to compel and for sanctions.

13             **4.     The Preclusion of Other Employment – LR 54-16(3)(E)**

14        The court assumes that in preparing and arguing the motion, Mr. Simon was required to put aside

15  other work.

16             **5.     Time Limitations by the Client or Circumstances – LR 54-16(3)(H)**

17        There were time constraints placed on Mr. Simon because the deadline to file dispositive motions

18  was fast approaching, and Mr. Simon could not adequately prepare the motion without responses to the

19  discovery requests.  In fact, on December 1, 2010, Mr. Simon requested, and the court granted, his oral

20  motion to extend the dispositive motion deadline to January 21, 2011, to allow Mr. Simon adequate time

21  to review the court-ordered discovery and responses and prepare the motion.

22

23

24

25

26        [1]The *Kerr* factors are also incorporated in into Local Rule 54-16.

27        [2]Factors LR 54-16(3)(B), (F), (G), and (L) are not relevant in this case.

28                                                3

**6.    The Experience, Reputation and Ability of the Attorney – LR 54-16(3)(I)**

Mr. Simon has been engaged in the practice of law since 2004, and he has been employed as a Deputy Attorney General since November 2009. Mr. Simon has capably represented the State of Nevada before this court in several cases, and he possesses the expertise to ably represent his clients in this court in this action.

**7.    The Undesirability of the Case – LR 54-16(3)(J)**

Defending the Nevada Department of Corrections and its employees in Section 1983 inmate litigation is challenging, complex, and time consuming. This case is no exception.

**8.    Nature and Length of Professional Relationship with the Client – LR 54-16(3)(K)**

Mr. Simon has represented the defendants since his employment with the Attorney General's Office, and there is nothing about that relationship that affects the court's consideration of Mr. Simon's fee application.

**II.    Conclusion**

Taking into account all of these remaining *Kerr* factors, the court concludes that none of the factors warrants a revision to Mr. Simon's fee application, and defendants are awarded the sum of $4,305.00 in attorney's fees. Mr. Simon provided no information concerning costs incurred; therefore, no amount is awarded for costs. Defendants asked that in the event the court granted monetary sanctions, that Mr. Evans be required to pay those sanctions. However, given that Mr. Evans's attorney, Mr. Boles, never responded to Mr. Simon's efforts to meet and confer, and filed no response whatsoever to the motion to compel and for sanctions, both Mr. Boles and Mr. Evans are ordered to jointly pay the sanction award in the amount of $2,152.50 each, which is one-half of the sanction. If Mr. Evans and/or his former counsel file an objection to this order, payment of these fees is stayed until the District Court issues a ruling on such objections. Should no objection be filed, the attorney's fees shall be paid no later than **Monday, March 7, 2011**, which is thirty days after the deadline to file an objection to this order.

4

1    The Clerk is ordered to serve a copy of this order on Mr. Evans's former counsel, Mr. James

2  Andre Boles.

3    IT IS SO ORDERED.

4    DATED:   January 21, 2011.

5

6    _____
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28