**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD YORK EVANS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No.: 3:08-cv-00353-GMN-VPC |
| ) | |
| HOWARD SKOLNIK, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff Witherow's Objection (ECF No. 223) to Magistrate Judge Valerie P. Cooke's Report and Recommendation (ECF No. 222). This action was referred to Judge Cooke pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Judge Cooke recommended that this Court enter an order:

(1)   Denying Plaintiff Witherow's Motion for Leave to Substitute Specific Names of Doe Defendants (ECF No. 204);

(2)   Denying Plaintiff Witherow's Motion for Partial Summary Judgment (ECF No. 205);

(3)   Granting Defendants Lea Baker, William Donat, Don Helling, Brian Henley, and Howard Skolnik's Motion for Summary Judgment on Plaintiff Evans' First Amended Complaint (ECF No. 206); and

(4)   Granting Defendants Lea Baker, I. Connally, William Donat, Don Helling, Brian Henley, and Howard Skolnik's Motion for Summary Judgment on Plaintiff Witherow's Second Amended Complaint (ECF No. 207), except as to Plaintiff Witherow's claim that defendants violated his rights under the Omnibus Crime Control and Safe Streets Act by engaging in extended

1  monitoring of his legal calls, for which Judge Cooke recommended that

2  summary judgment be denied.

3  (R&R, 35:22-28, 36:1-4, ECF No. 222.)

4  A party may file specific written objections to the findings and recommendations of a

5  United States Magistrate Judge made pursuant to LR IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-

6  2.  Upon the filing of such objections, the Court must make a de novo determination of those

7  portions of the Report to which objection is made and may accept, reject, or modify, in whole or

8  in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1);

9  LR IB 3-2(b).  Plaintiff Witherow objects to Judge Cooke's recommendation denying his

10  Motion for Leave to Substitute Names of Doe Defendants (ECF No. 204).  Plaintiff Witherow

11  also objects to Judge Cooke's findings regarding "Legal Calls – Initial and Extended

12  Monitoring" as stated in § II.B.d. of the R&R at 17-31, and to the findings regarding "Failure to

13  Properly Respond to Grievances Claims" as stated in § II.B.d of the R&R at 31.

14  **I.    Objection to Finding that Plaintiff Witherow's Motion for Leave to Substitute Specific Names of Doe Defendants be Denied.**

15

16  Plaintiff Witherow objects to the findings and recommendation of Judge Cooke regarding

17  his Motion for Leave to Substitute Specific Names for Doe Defendants (ECF No. 204), which

18  was filed in March 2011.  In that motion, Plaintiff Witherow requested to substitute "Defendants

19  Henley, Donat, Helling and Skolnik in the place and stead of the Doe Defendants named in the

20  36th, 44th, 48th, 49th, 57th, 74th, 75th, 81st, 82nd, 89th, 91st, 92nd and 114th Causes of Action

21  in the Second Amended Complaint (SAC)." (Mot. for Leave to Subst., 1:24-27, ECF No. 204.)

22  Defendants Henley, Donat and Helling each denied Plaintiff Witherow's grievance regarding the

23  alleged interception of his attorney/client phone calls. (Answer to Compl., 3:¶25, ECF No. 13.)

24  Plaintiff Witherow's Motion for Leave to Substitute Specific Names for Doe Defendants

25  (ECF No. 204) was filed on March 18, 2011, almost two years after the Second Amended

1  Complaint ("SAC") (ECF No. 80) was filed on May 5, 2009, and almost precisely two years

2  after Plaintiff Witherow submitted the SAC as an attachment to his Motion to Amend/Correct

3  Complaint (ECF No. 64-1) on March 30, 2009.  In the R&R, Judge Cooke stated that "Plaintiff

4  Witherow had ample time to discover the identity of any Doe defendants through the prolonged

5  discovery process that occurred in this case." (R&R, 11:5-6.)  Judge Cooke found that Plaintiff

6  Witherow "unduly delayed seeking amendment and has not shown good cause for the delay or

7  the amendment." (*Id*. at 11:16-17.)  Judge Cooke further found that allowing the substitution "at

8  this late date would further delay this case . . . and would prejudice defendants." (*Id*. at 11:22-23.)

9  In his Objection, Plaintiff Witherow misstates Judge Cooke's findings, arguing that the

10  recommendation was "based on a finding that Witherow had ample opportunity to amend his

11  complaint in prior proceedings in the case." (Obj. to R&R, 2:12-13.)  Plaintiff Witherow argues

12  that because "Witherow had repeatedly attempted to gather information in the discovery process

13  to prepare and file an amended complaint and . . . the Court has repeatedly denied him that

14  opportunity," Judge Cooke's findings were in error. (*Id*. at 2:22-25.)  The Court finds no

15  evidence to support this argument, nor any evidence showing that Plaintiff Witherow previously

16  attempted to substitute the Doe defendants, and Plaintiff Witherow provides none.  The Court

17  agrees with Judge Cooke's conclusion that Plaintiff has not shown good cause, and that

18  substitution at this late date would further delay the case and prejudice Defendants.  Therefore,

19  Judge Cooke's findings and recommendation as to the Motion for Leave to Substitute Specific

20  Names of Doe Defendants (ECF No. 204) will be affirmed and adopted in full.

21  **II.    Objection to Finding that Plaintiff Witherow's Fourth Amendment**
**Rights Were Not Triggered Because He Did Not Have An Actual**

22  **Subjective Expectation of Privacy in His Telephonic**
**Communications With His Attorneys.**

23

24  Plaintiff Witherow objects to Judge Cooke's finding that no genuine issue of material fact

25  exists as to whether he had an actual subjective expectation of privacy in his telephonic

1  communications with his attorneys.  Judge Cooke refers to Plaintiff Witherow's deposition

2  testimony and his affidavit, attached to his motion for partial summary judgment, as belying his

3  claim that he had an actual subjective expectation of privacy.  Plaintiff Witherow objects that

4  "[a]ny reasonable juror would conclude that Witherow did have an actual subjective expectation

5  of privacy in his attorney/client communications." (Obj. to R&R, 3:12-14.)  In support of this

6  argument, Plaintiff Witherow offers the following bases:

7        1.  It is against constitutional, statutory and regulatory law for prison officials,

8           without a search warrant or consent of a party, to intercept and eavesdrop on a

9           prisoner's attorney/client telecommunications;

10        2.  Prison officials are law enforcement officers expected and required to comply

11           with the law; and,

12        3.  All persons in the United States of America are entitled to an actual and

13           reasonable subjective expectation that law enforcement officials will comply

14           with the law.

15  (*Id*. at 3:14-19.)  For these statements Plaintiff Witherow cites to the Report and

16  Recommendation in the form of an "Id." citation. (*Id*. at 19.)

17       The Court agrees with Judge Cooke's conclusion that Plaintiff Witherow's deposition

18  testimony and affidavit contradict his argument that he had an actual subjective expectation of

19  privacy triggering the Fourth Amendment, such that no reasonable juror could find otherwise.

20  Therefore, Judge Cooke's findings regarding Plaintiff Witherow's claims for violation of his

21  Fourth Amendment rights will be accepted and adopted in full.  Furthermore, Judge Cooke's

22  recommendation to grant Defendants' Motion for Summary Judgment and to deny Plaintiff

23  Witherow's Motion for Partial Summary Judgment on his claims for violation of his Fourth

24  Amendment rights will be accepted and adopted in full.\

25  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**III.    Objection to Finding that the law enforcement exception Omnibus**
**Crime Control and Safe Streets Act Applies to Defendants' Practice**
**of Initially Screening Prisoner Attorney/Client Telecommunications.**

Plaintiff Witherow objects to Judge Cooke's finding that the law enforcement exception to the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510(5)(a), applies to Defendants' practice of initially screening prisoner attorney/client telecommunications.  The statute provides that where a "law enforcement officer in the ordinary course of his duties" uses a device otherwise prohibited by the statute, an exception applies. *See United States v. Van Poyck*, 77 F.3d 285, 291-292 (9th Cir. 1996).

Plaintiff Witherow appears to object to Judge Cooke's finding that the law enforcement exception applies by arguing that here, the law enforcement officers were not acting in the ordinary course of their duties when they initially screened the telephone calls, but were instead acting illegally in violation of Nevada Department of Corrections regulations and Nevada Revised Statutes.  The Court agrees with Judge Cooke's construction of the statutes and regulations cited by Plaintiff Witherow, and with her finding that the law enforcement officers were not acting illegally. (*See* R&R, 27:12-15.)

Notwithstanding the heading under which this objection is submitted, Plaintiff Witherow also appears to object to any finding that the consent exception applies as well.  The statute provides that where "one of the parties to the communication has given prior consent to such interception," an exception applies. 18 U.S.C. § 2511(2)(c).  "Consent may be express or may be implied in fact from surrounding circumstances indicating that the [defendant] knowingly agreed to the surveillance." *Van Poyck*, 77 F.3d at 292 (alteration in original) (internal quotation marks omitted).  However, here, the Court finds that Judge Cooke's Report and Recommendation does not make a finding that the consent exception applies.  Therefore, to the extent that Plaintiff Witherow's arguments are directed at that issue, they fail to support his objection.

1    Accordingly, the Court will accept and adopt in full Judge Cooke's findings as to the

2   practice of initially screening calls under the Omnibus Crime Control and Safe Streets Act, and

3   her recommendation that summary judgment be granted in favor of Defendants and against

4   Plaintiff Witherow.

5   **IV.    Objection to Finding that Plaintiff Witherow's Fourteenth**
        **Amendment Rights Were Not Violated By the Interception and**
6       **Monitoring of His Attorney/Client Telecommunications.**

7

8    Plaintiff Witherow objects to Judge Cooke's finding that Plaintiff Witherow's Fourteenth

9   Amendment rights were not violated by the interception and monitoring of his attorney/client

10  telecommunications, by arguing that Judge Cooke "failed to conduct an analysis of Witherow's

11  Fourteenth Amendment *right to privacy* and his Fourteenth Amendment *right to due process* in

12  relation to his *state created right to confidential communications with his attorney.*" (Obj. to

13  R&R, 5:16-18.)  He also objects to Judge Cooke's analysis and use of the decision in *Sandin v.*

14  *Conner*, 515 U.S. 472 (1975). (*Id*. at 5:21-24.)  He argues that "[t]hose liberty interests must be

15  analyzed under the laws governing the deprivation of a constitutional right and the deprivation

16  of state created rights" instead. (*Id*.)  Plaintiff Witherow does not name these laws in his

17  objection.

18    The Court does not find that Judge Cooke's use or application of the decision in *Sandin*

19  *v. Conner* is in error.  The Court furthermore agrees with Judge Cooke's analysis and

20  conclusions relating to her finding that Plaintiff Witherow's Fourteenth Amendment rights were

21  not violated by the interception and monitoring of his attorney/client telecommunications, and

22  will accept these findings in full.  The Court will accept and adopt in full Judge Cooke's

23  recommendation that Defendants' Motion for Summary Judgment be granted as to Plaintiff

24  Witherow's Fourteenth Amendment claim, and that Plaintiff Witherow's Motion for Partial

25  Summary Judgment for the same be denied.

1

2

**V.     Objection to Finding Based on Failure to Properly Respond to Grievance Claims.**

3      In her Report and Recommendation, Judge Cooke correctly cites well-established

4 precedent stating that denial of a grievance does not in itself rise to the level of a constitutional

5 violation.  Judge Cooke explains that "[o]ther than [D]efendants' purportedly inadequate

6 responses to [Plaintiff Witherow's] administrative grievances, [Plaintiff Witherow] advances no

7 factual allegations to support the notion that any of these [D]efendants intercepted [P]laintiff

8 Witherow's calls or engaged in any affirmative acts that violated his rights in connection with

9 the grievance process." (R&R, 31:13-15.)  Judge Cooke quotes from Plaintiff Witherow's

10 Motion for Partial Summary Judgment (Mot. Partial Summ. J., 7:¶13, ECF No. 205), in which

11 he argues:

12         The  interception  and  eavesdropping  on  Witherow's  confidential

13         attorney/client telecommunications continued because of the failure of

14         Defendants Henley, Donat, or Helling to initiate any type of corrective

15         action in the grievance process; thereby rendering these Defendants

16         responsible for the continued and ongoing interception and eavesdropping

17         on Witherow's attorney/client telecommunications, as alleged in the 116th

18         Cause of Action in the SAC (#80).

19 (*Id*. at 31:8-12.)  In the SAC, the 116th Cause of Action alleges violations by "Defendants

20 Henley, Donat and Helling when those Defendants failed to conduct an adequate investigation

21 of Plaintiff Witherow's grievance claims, failed to initiate any corrective action in the grievance

22 process and denied Plaintiff Witherow any relief in the grievance process." (SAC, 30:¶61, ECF

23 No. 80.)

24      Plaintiff Witherow objects to these findings, arguing that they mischaracterize his claims

25 against Defendants Henley, Donat and Helling. (Objection, 6:1-2.)  He attempts to distinguish a

1    constitutional claim based on denial of a grievance from a constitutional claim based on

2    Defendants Henley, Donat and Helling's "failure to intervene . . . after the violation of those

3    rights [is] brought to their attention in the grievance process." (*Id*. at 6:2-5.)  Plaintiff  Witherow

4    cites an ambiguous "Id." and case law in support of his argument that he "has presented a valid

5    claim against these Defendants based on their personal participation in the violation of his

6    constitutional and statutory rights by their failure to intervene to stop the on-going violation of

7    his constitutional and statutory rights." (*Id*. at 6-11.)  Although Plaintiff Witherow incorrectly

8    cites case law to support that proposition, the cited cases do support the proposition that there

9    must be a showing of personal involvement or participation in an alleged rights deprivation

10   under 42 U.S.C. § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability

11   under section 1983 arises only upon a showing of personal participation by the defendant.");

12   *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color

13   of state law to be liable under section 1983 there must be a showing of personal participation in

14   the alleged rights deprivation: there is no respondeat superior liability under section 1983.");

15   *Reed v. Brackbill*, No. 3:07-cv-00149-BES-RAM, Mag. J. R&R, 9:4-5, ECF No. 42, *available

16   at* 2008 U.S. Dist. LEXIS 83245, at *15 (D. Nev. July 2, 2008) ("Liability under § 1983 arises

17   only upon a showing of personal participation by the defendants in the alleged constitutional

18   deprivation.").

19       Because Plaintiff Witherow did not allege a violation of 42 U.S.C. § 1983 relating to the

20   grievance cause of action, either in his Second Amended Complaint or in his Motion for Partial

21   Summary Judgment, and he cites no other legal basis to support his argument, the Court does

22   not find his argument persuasive.  Instead, the Court agrees with Judge Cooke's findings and

23   recommendation.  Therefore, the Court will accept and adopt in full Judge Cooke's

24   recommendation that Defendants' Motion for Summary Judgment be granted as to Plaintiff

25   Witherow's claims against Defendants Henley, Donat, and Helling for denial of his grievances,

and that Plaintiff Witherow's Motion for Partial Summary Judgment for the same be denied.

## CONCLUSION

After conducting a de novo review of the record, and considering the objections and arguments of the parties, the Court **ACCEPTS** and **ADOPTS** in full Magistrate Judge Valerie P. Cooke's Report and Recommendation (ECF No. 222) to the extent that it is not inconsistent with this opinion.

**IT IS HEREBY ORDERED** that Magistrate Judge Valerie P. Cooke's Report and Recommendation (ECF No. 222) be **ACCEPTED and ADOPTED** in full, to the extent that it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that Plaintiff Witherow's Motion for Leave to Substitute Specific Names of Doe Defendants (ECF No. 204) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Witherow's Motion for Partial Summary Judgment (ECF No. 205) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Lea Baker, William Donat, Don Helling, Brian Henley, and Howard Skolnik's Motion for Summary Judgment on Plaintiff Evans' First Amended Complaint (ECF No. 206) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Lea Baker, I. Connally, William Donat, Don Helling, Brian Henley, and Howard Skolnik's Motion for Summary Judgment on Plaintiff Witherow's Second Amended Complaint (ECF No. 207) is **GRANTED**, **EXCEPT** as to Plaintiff Witherow's claim that Defendants violated Plaintiff Witherow's rights under the Omnibus Crime Control and Safe Streets Act by engaging in extended monitoring of his legal calls for which summary judgment is **DENIED**.

DATED this 7th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge