UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD YORK EVANS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> INMATE CALLING SOLUTIONS, HOWARD ) <br> SKOLNIK, et al., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 3:08-cv-00353-GMN-VPC <br><br> **ORDER** |

Pending before the Court is Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (ECF No. 203).  Because the motion is unopposed and good cause appearing, the motion will be granted.

**I.     BACKGROUND**

Attorney James Andre Boles previously represented Plaintiff Evans, and was the recipient of sanctions for previous violations. (Order, ECF No. 198.)  Boles filed an Objection to the Court's Order for Sanctions (ECF No. 201), to which Defendants filed the instant Motion for Sanctions (ECF No. 203) in March 2011.  Boles failed to file any response to the instant Motion for Sanctions.

**II.    LEGAL STANDARD**

Rule 11 of the Federal Rules of Civil Procedure provides that:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

### III. DISCUSSION

Defendants argue that subsequent to the imposition of sanctions on Plaintiff Evans' former counsel James Andre Boles, Boles committed additional Rule 11 violations when he filed his Objection to Court's Order for Sanctions (ECF No. 201). Defendants argue that "Boles' arguments contain false and unsupported statements of fact along with scandalous material" and that these "statements and his refusal to withdraw his improper objection justify additional sanctions." (Motion for Sanctions, 2:3-5, ECF No. 203.) Defendants list eight grounds for sanctions:

1. Boles knowingly made the false statement that Plaintiffs Evans and Witherow filed this action in pro se and litigated this case on their own for "approximately nineteen months." This is supported by the signed Substitution of Attorney which stated that "J. Andre Boles, Esq., hereby agrees to be substituted as counsel of record for Plaintiff Donald York Evans in place and stead of Marc Picker, Esq." (ECF NO. 154.)

2.      Boles falsely states that Defendants' counsel began questioning Evans at the deposition before Boles was present. This is flatly contradicted by the Evans Deposition transcript, (Evans Dep., Ex. A to Motion for Sanctions, ECF No. 203-2.)

3.      Boles falsely states that Defendants' counsel failed to meet and confer during a deposition.  However, Boles left before the conclusion of the deposition and never returned. (Evans Dep., Ex. A to Motion for Sanctions, ECF No. 203-2.)

4.      Boles falsely claims that during the deposition "there was more than ample opportunity to ask for any amplification or clarification of previously provided answers." This is supported by the fact that there were no answered written discovery requests to amplify or clarify. (*See* ECF No. 188.)

5.      Boles falsely claims that he was caught off guard and surprised by Defendants' counsel's attempts to recover sanctions.  This can be shown to be false by Boles' failure to respond to letters, phone calls and a Motion to Compel that was filed in the docket.  On this point, Defendants argue that Boles' claim of ignorance is suspect.

6.      Boles unreasonably claims that the Magistrate Judge's sanctions award was "exorbitant" and "never properly supported or argued."  However, as shown in the docket, forty-three days elapsed from Defendants' counsel's submission of fees to when fees were awarded. (ECF Nos. 189, 198.)  Since Boles never opposed the sanctions award, he cannot reasonably claim that the award was exorbitant and never properly supported or argued.

7.      Boles unreasonably requested the recusal of the Magistrate Judge, based partly on the Magistrate Judge's award of hourly fees, which was based on Boles' previous claim that the same rate was the common hourly rate for the community. (*See* ECF no. 189-1.)

8.      Boles misrepresented and ignored the facts in his conclusion, in that he claims that discovery was answered on September 13, 2010.  Since discovery requests were never answered, this is shown to be false. (*See* ECF Nos. 188, 200.)

The Court agrees that sanctions should issue to deter such conduct in the future, and that Boles should be referred to the State Bar of Nevada for investigation. Boles' conduct demonstrates a disturbing lack of understanding as to the impropriety of his actions and the standards that guide attorneys in the practice of law, as shown by his continued violations of Rule 11.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Sanctions (ECF No. 203) is **GRANTED**.

**IT IS FURTHER ORDERED** that Boles shall pay the fees incurred by Defendants in filing the instant motion for sanctions. Defendants shall file an itemized list of the fees incurred in filing the instant motion.

**IT IS FURTHER ORDERED** that Boles shall be referred to the State Bar of Nevada for investigation pursuant to Nevada Supreme Court Rules 99-105 and to determine whether his conduct warrants discipline in accordance with the Nevada Supreme Court Rules.

**DATED** this 30th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge