# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD YORK EVANS, et al. ) | |
| ) | |
| Plaintiffs, ) | Case No.: 3:08-cv-00353-GMN-VPC |
| vs. ) | |
| ) | **ORDER** |
| HOWARD SKOLNIK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Motion for Relief from Order (ECF No. 247) filed by James André Boles, former counsel for Plaintiff, Donald York Evans. Defendants Lea Baker, I. Connally, William Donat, Don Helling, Brian Henley, Howard Skolnik (collectively, "Defendants") filed a Response (ECF No. 248) and Mr. Boles filed a Reply (ECF No. 249).

## I. BACKGROUND

Defendants filed a Motion for Sanctions (ECF No. 203) against Mr. Boles on March 7, 2011, based in part on his February 7, 2011, filing – an Objection (ECF No. 201) to the Court's January 21, 2011, Order for Sanctions (ECF No. 198). On March 30, 2012, the Court granted Defendants' Motion for Sanctions (Order, ECF No. 237), noting Mr. Boles' failure to file any response in the year that had elapsed. On June 1, 2012, Mr. Boles filed the instant motion requesting reconsideration pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 247.)

## II. LEGAL STANDARD

Rule 60 provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" and lists the following reasons:

/ / /

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## III.   DISCUSSION

In the introduction to his motion, Mr. Boles refers to Rule 60(b) in the context of "an order which was fraudulently obtained." (Mot. Relief, 1:19-20, ECF No. 247.)  Mr. Boles alleges that "the State of Nevada, through the office of the Attorney General, filed a motion for sanctions and litigated that motion without putting the undersigned on notice of any of the proceedings." (*Id*. at 2:4-6.)  He further alleges that the Court's Order "was never been [sic] properly served on undersigned counsel." (*Id*. at 2:6-7.)  Mr. Boles appears to argue that he was not given "notice and a reasonable opportunity to respond" as described in Federal Rule of Civil Procedure 11(c)(1).

The Court is not persuaded that Mr. Boles did not have notice or a reasonable opportunity to respond, but as discussed below, finds that the imposition of sanctions originally imposed by the Court is still appropriate.

Mr. Boles' request to withdraw as attorney for Plaintiff Evans was granted by the Court on January 4, 2011. (ECF No. 193.)  On January 21, 2011, the Court ordered the imposition of sanctions on Mr. Boles and Plaintiff Evans jointly (ECF No. 198), granting the Motion for Attorney Fees (ECF No. 189) filed by Defendants on December 9, 2010.  On February 3, 2011, Mr. Boles filed an Objection (ECF No. 201) to the Court's January 21, 2011 sanctions order,

and Defendants filed their Response to Mr. Boles' Objection on February 24, 2011 (ECF No. 202). Defendants' Motion for Sanctions (ECF No. 203) was filed less than two weeks later, on March 7, 2011. Because the Court did not enter its ruling on Mr. Boles' Objection (ECF No. 201), and Defendants' Motion for Sanctions (ECF No. 203) was filed less than two weeks later, *as a result* of Mr. Boles' Objection, the Court finds that Mr. Boles' claimed lack of notice is unlikely. This is particularly the case because it is evident that Mr. Boles had access to the docket, because a reasonable attorney would follow up on the status of sanctions against him, and he had over a year to check the docket before the Court issued its Order (ECF No. 237).

Nevertheless, the Court finds at this point, that Mr. Boles has had more than adequate notice and a reasonable opportunity to respond. In its Order, the Court found that Mr. Boles' conduct was in violation of Federal Rule of Civil Procedure 11, and held that "sanctions should issue to deter such conduct in the future." (Order, 4:1, ECF No. 237.) The Court listed the eight grounds for sanctions provided by Defendants, based on Mr. Boles' conduct during the course of litigation. (*Id*. at 2-3.) The Court also ordered the payment of filing fees and referred Mr. Boles "to the State Bar of Nevada for investigation pursuant to Nevada Supreme Court Rules 99-105 and to determine whether his conduct warrants discipline in accordance with the Nevada Supreme Court Rules." (*Id*. 4:12-14.) Upon consideration of Mr. Boles' responses to the allegations, the Court finds that relief from the sanctions order is not warranted, and that the original sanctions imposed by the Court are appropriate to deter similar violations in the future.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Relief from Order (ECF No. 247) is **DENIED**.

**DATED** this 6th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge