**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD YORK EVANS and JOHN WITHEROW, | ) ) ) |
| Plaintiffs, | ) Case No.: 3:08-cv-00353-GMN-VPC ) |
| vs. | ) **ORDER** ) |
| INMATE CALLING SOLUTIONS; HOWARD SKOLNIK; *et al.*, | ) ) ) |
| Defendants. | ) ) |

Before the Court is the Motion to Recover Attorney Fees from Plaintiff Donald York Evans, filed by Defendants Lea Baker, I. Connally, William Donat, Don Helling, Brian Henley, Howard Skolnik (collectively, "Defendants"). (ECF No. 235.)  No opposition has been filed.

**I.     BACKGROUND**

In August 2008, Defendants served Plaintiffs Witherow and Evans with an Offer of Judgment pursuant to Rule 68, through their attorney at the time, Marc Picker. (*See* Offer of Judgment, Ex. A to Notice of Rejected Offer, ECF No. 233-1.)  Defendants offered (1) a permanent injunction and (2) monetary compensation of $1,000.00, plus reasonable attorney fees to be determined by the Court, with a ten-day deadline to accept the offer. (*Id*.)  On October 30, 2008, Defendants faxed a Letter to Marc Picker memorializing and confirming the parties' understanding that an extension of time had been negotiated, and that the deadline to accept the offer would be re-set to November 7, 2008. (*See* Letter, Ex. B to Notice of Rejected Offer, ECF No. 233-1.)  Defendants allege that no acceptance was ever received from Plaintiffs, and Plaintiffs do not dispute this.  Plaintiffs continued to pursue their claims.

On March 7, 2012, the Court entered its Order accepting and adopting the Report and

Recommendation to dismiss all of Plaintiff Evans' claims. (ECF No. 232.)

## II.  LEGAL STANDARD

When a party is entitled to move for attorney's fees, the motion must include a reasonable itemization and description of the work performed, an itemization of all costs sought to be charged as part of the fee award and not otherwise taxable, and a brief summary of twelve factors:

  (1)  the results obtained and the amount involved;
  (2)  the time and labor required;
  (3)  the novelty and difficulty of the questions involved;
  (4)  the skill requisite to perform the legal service properly;
  (5)  the preclusion of other employment by the attorney due to acceptance of the case;
  (6)  the customary fee;
  (7)  whether the fee is fixed or contingent;
  (8)  the time limitations imposed by the client or the circumstances;
  (9)  the experience, reputation, and ability of the attorney(s);
  (10)  the undesirability of the case, if any;
  (11)  the nature and length of the professional relationship with the client; and
  (12)  awards in similar cases.

D. Nev. R. II. 54-16(b). Failure to provide this information constitutes a consent to the denial of the motion. D. Nev. R. II. 54-16(d). Also, the Court may grant the motion if no opposition is filed. D. Nev. R. II. 54-16(e).

## III.  DISCUSSION

As discussed below, the Court finds that Plaintiff Evans must pay Defendants' post-offer costs pursuant to Federal Rule of Civil Procedure 68. The Court recognizes that Plaintiff Evans filed no opposition, however before determining the amount of attorney's fees, the Court must first determine whether Defendants are entitled to an award of attorney's fees. *See* D. Nev. R. II. 54-16(a). Because Defendants do not provide any authority or analysis to support the argument that the post-offer "costs" awardable pursuant to Rule 68 include attorney's fees, the Court conducts its own analysis below.

Rule 68 governs offers of judgment where "a party defending against a claim offers to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68. "If the judgment that the offeree finally obtains [from the court] is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "A plaintiff that rejects a Rule 68 offer in excess of the judgment ultimately obtained at trial must bear its own and the defendant's post-offer costs." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1026 (9th Cir. 2003). "'The award is mandatory; Rule 68 leaves no room for the court's discretion.'" *Id.* (quoting *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996)).

The First Amended Complaint (ECF No. 33) was the operative complaint before the Court for Plaintiff Evans. On March 7, 2012, the Court entered its Order accepting and adopting the Report and Recommendation to grant summary judgment in Defendants' favor and dismiss all of Plaintiff Evans' claims. (ECF No. 232.) Clearly, this result is less favorable than Defendants' offer to Plaintiff Evans. Accordingly, the Court finds that Plaintiff Evans must pay the costs incurred by Defendants after the offer was made.

The Supreme Court has held that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek v. Chesny*, 473 U.S. 1, 9 (1985) (holding in reference to a §1983 suit that "[s]ince Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68"). "In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'" *Id.* "Thus, absent congressional expressions to the contrary, where the underlying statute [specifically] defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68." *Id.*

In the First Amended Complaint (ECF No. 33), Plaintiff Evans alleged violations of his

Fourth and Fourteenth Amendment rights, as well as violations of 18 U.S.C. § 2511, which was originally enacted as part of the Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, Title III, § 802, 82 Stat. 213.[1]

Any person or entity that violates Chapter 119 of Title 18, United States Code, 18 U.S.C. §§ 2510-2522, may be liable for civil damages, including "a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(b)(3). This provision in section 2520 comes under the heading of "Relief," and the heading for section 2520 itself is "Recovery of civil damages authorized." 18 U.S.C. § 2520.

In *Marek*, the Supreme Court answered the question of "whether attorney's fees incurred by a plaintiff subsequent to an offer of settlement under Federal Rule of Civil Procedure 68 must be paid by the defendant under 42 U.S.C. § 1988, when the plaintiff recovers a judgment less than the offer." 473 U.S. at 3. In the appendix to his dissent in *Marek*, Justice Brennan included 18 U.S.C. § 2520 in his "summary of the statutes enacted by Congress authorizing courts to award attorney's fees," under the category of "[s]tatutes that refer to attorney's fees 'as part of the costs.'" 473 U.S. at 43-46 (Brennan, J., dissenting). Justice Brennan included the language, "attorney's fees and other litigation costs," as a variation of statutory language that defines "costs" to include attorney's fees. *Id*. at 43.

Four years later the Sixth Circuit found otherwise when answering the question of whether "18 U.S.C. § 2520, defines attorney's fees as a part of 'costs.'" *Oates v. Oates*, 866 F.2d 203, 204 (6th Cir. 1989). In *Oates*, the court distinguished the language referring to "costs" in 42 U.S.C. § 1988 from the language in 18 U.S.C. § 2520 by recognizing that "[t]he official heading [of section 2520] is 'recovery of civil damages authorized.'" *Id*. at 206. On

---

[1] In the First Amended Complaint, under the First Cause of Action for Declaratory Relief, a citation to 18 U.S.C. § 2526(b)(1) is included as a basis for the requested relief. (FAC, 7:¶36, ECF No. 33). To the extent this is a typo, the Court recognizes that 18 U.S.C. § 2520(b)(1) provides for recovery of "preliminary and other equitable or declaratory relief as may be appropriate."

this basis the court held that "[t]he plain language of section 2520 *taken as a whole* defines attorney's fees as recoverable *damages*." *Id.* at 206.

The Electronic Communications Privacy Act of 1986 amended 18 U.S.C. § 2520(a) and (b) as follows:

> (a) In general. – Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.
>
> (b) Relief. – In an action under this section, appropriate relief includes –
> (1) such preliminary and other equitable or declaratory relief as may be appropriate;
> (2) damages under subsection (c) and punitive damages in appropriate cases; and
> (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

Pub.L. 99-508, Title I, § 103, Oct. 21, 1986, 100 Stat. 1853.

This amendment became effective in October 1986, after *Marek* but before *Oates*.

However, the Court is not persuaded by the reasoning in *Oates* and instead finds the plain language of the amendment to be clear. Attorney's fees are separate from and not included in the category of damages, but rather are considered to be included within the category of litigation costs and, more importantly, are one of the many categories of appropriate relief that are recoverable under the statute. Therefore, the Court finds that, as in *Marek*, the section 2520 statutory language, "a reasonable attorney's fee and other litigation costs reasonably incurred," and consideration of section 2520 as a whole, including the provisions for recovery of equitable and declaratory relief, support the conclusion that attorney's fees are "costs properly awardable" for violations of section 2511.

Accordingly, the Court finds that Defendants' Rule 68 post-offer costs should include attorney's fees.

Since the Court finds that Defendants are entitled to move for attorney's fees, the Court next considers Defendants' motion pursuant to Local Rule 54-16.

Defendants request that they be allowed to recover 158.8 hours of legal work related to Plaintiff Evans' claims at an hourly rate of $350.00 an hour for a total award of $55,580.00 in reasonable attorney fees. (Mot. to Recover Attorney Fees, 8:12-14, ECF No. 235.)  Defendants have briefed their grounds for the request thoroughly and according to Local Rule 54-16.  Also, Plaintiffs' failure to oppose the motion permits the Court to grant the motion. D. Nev. R. 54-16(e).  Accordingly, having considered the motion and Plaintiffs' lack of opposition, and finding good cause, the Court finds that Defendants' requested recovery is appropriate.[2]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Recover Attorney Fees (ECF No. 235) is **GRANTED**.

**DATED** this 20th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[2] As Defendants note, because this action was brought against former and current employees of the State of Nevada, individual Defendants are not going to receive these attorney fees. (*See id*. at 3:10 n.1.)  "Depending on the amount of fees awarded, Defendants would attempt to resolve Plaintiff Witherow's remaining claims or reimburse the taxpayers for the expense of such lawsuits by returning any money collected to the State Tort Fund." (*Id*.)