UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD YORK EVANS et al., ) | |
| Plaintiffs, ) | |
| ) | 3:08-cv-00353-RCJ-VPC |
| vs. ) | |
| HOWARD SKOLNIK et al., ) | ORDER |
| Defendants. ) | |

This is a prisoner civil rights case arising out of alleged illegal electronic eavesdropping of prisoners' telephone calls with their attorneys. Pending before the Court are three Motions in Limine (ECF Nos. 257, 258, 259). For the reasons given herein, the Court grants the motions in part and denies them in part.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs Donald York Evans and John Witherow filed the Complaint in June 2008, alleging that Defendants illegally intercepted privileged communications between Attorney Evans and his client, Withrow, who was during the relevant time period incarcerated at Nevada State Prison ("NSP"). (*See generally* Compl., June 26, 2008, ECF No. 2).[1] Plaintiffs listed as Defendants Inmate Calling Solutions ("ICS"), Howard Skolnik, Don Helling, William Donat, Brian Henley, and L. Baker. (*See id.*). The Nevada Department of Corrections ("NDOC") and ICS stipulated not to intercept any attorney–client communications between Evans and Witherow

---

[1]Witherow has since been released and currently resides in Michigan.

or between Evans and any of his other clients. (*See* NDOC/ICS Stip., Dec. 1, 2008, ECF No. 29).

Plaintiffs filed the First Amended Complaint ("FAC"), adding Embarq and Global Tel*Link ("GTL") as Defendants. (*See* First Am. Compl., Dec. 19, 2008, ECF No. 33). Evans stipulated to dismiss his claims against ICS. (*See* Evans Stip., Mar. 25, 2009, ECF No. 62).

Witherow filed the Second Amended Complaint ("SAC").[2] The SAC lists the following Defendants: ICS, Embarq, GTL, Skolnik, Helling, Henley, Lea Baker, and I. Connally. (*See* Second Am. Compl., May 5, 2009, ECF No. 80). The SAC lists 116 causes of action. The first and second causes of action are, like the first and second claims in the Complaint and FAC, for declaratory and injunctive relief, respectively. (*See id.* 14–15). The third through forty-ninth causes of action are brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2520, for alleged violations of federal rights guaranteed by the Fourth Amendment and the ECPA, 18 U.S.C. § 2511, by Baker's interception of attorney–client communications between Witherow and Evans between May 8 and December 27, 2007. (*See id.* 15–18). The fiftieth cause of action is a similar claim based upon Baker's interception of attorney–client communications between Witherow and Attorney Picker (one of Witherow's and Evans's former attorneys in this case) on September 12, 2007. (*See id.* 18–19). The fifty-first through fifty-eighth causes of action are similar claims based upon Baker's interception of attorney–client communications between Witherow and Attorney Hager (who has not appeared in the present case) between October 9 and December 28, 2007. (*See id.* 20–21). The fifty-ninth through ninety-third causes of action are similar claims based upon Connally's interception of attorney–client communications between Witherow and Evans

---

[2]Witherow filed the SAC *in pro se*. The Court has treated the SAC as applying only to Witherow and has treated the FAC as applying to Evans. Also, the docket indicates that although there have been several substitutions of attorney, Evans and Witherow are both now represented by counsel, Evans by Attorneys Boles and Hill, and Witherow by Attorneys Potter and Barrick.

between January 2 and July 25, 2008. (*See id.* 21–24). The ninety-fourth through one-hundred-and-sixth causes of action are similar claims based upon Connally's interception of attorney–client communications between Witherow and Attorney Picker between February 6 and July 18, 2008. (*See id.* 24–26). The one-hundred-and-seventh through one-hundred-and-fourteenth causes of action are similar claims based upon Connally's interception of attorney–client communications between Witherow and Hager between January 30 and July 30, 2008. (*See id.* 27–28). The one-hundred-and-fifteenth cause of action is a failure-to-train claim against Skolnik based upon his alleged failure to adopt policies and procedures that would have prevented the alleged violations by Baker and Connally. (*See id.* 28–30). The one-hundred-and-sixteenth claim is a respondeat superior claim against Henley, Donat,[3] and Helling for failing to adequately investigate Witherow's grievance(s) related to the alleged illegal interceptions. (*See id.* 30–31).

Embarq, ICS, and GTL each separately moved to dismiss. Witherow opposed all of the motions, but Evans failed to oppose any of them, and the magistrate judge issued a Report and Recommendation ("R&R"), recommending that the Court grant the motions as against Evans because he failed to oppose them[4] and as against Witherow because he had not sufficiently alleged that movants were state actors or that they intentionally intercepted his communications. (*See* R&R, Oct. 2, 2009, ECF No. 117). The Court adopted the R&R and granted the motions to dismiss, (*see* Order, Nov. 5, 2009, ECF No. 122), and later clarified that Witherow did not have leave to amend, (*see* Order, Dec. 23, 2009, ECF No. 134). At that stage, the remaining claims were as follows: (1) Witherow had 116 claims under the SAC against Skolnik, Helling, Henley,

---

[3]Although listed in this cause of action, (*see id.* ¶ 61, at 30), and under the "Parties" section of the SAC, (*see id.* ¶ 10, at 4), Donat is not listed in the caption of the SAC, (*see id.* 1).

[4]ICS's motion was moot as against Evans, because Evans had already stipulated to dismiss his claims against ICS. (*See* Evans Stip.).

Donat, Baker, and Connally; and (2) Evans had three claims under the FAC against Skolnik, Helling, Henley, Donat, and Baker.

The magistrate judge later issued a thirty-six-page R&R as to Witherow's motion to amend to name various existing individual Defendants under existing claims that theretofore had implicated only other individual Defendants, Witherow's motion for partial summary judgment, and Defendants' two motions for summary judgment as against the FAC (Evans's claims) and the SAC (Witherow's claims), respectively. (*See* R&R, July 29, 2011, ECF No. 222). The magistrate judge recommended denying Witherow's motions and granting Defendants' motions, except as to Witherow's claim for illegal initial screening under the ECPA (Title III of the Omnibus Crime Control and Safe Streets Act ("OCCSSA")). The magistrate judge found that Witherow had exhausted his administrative remedies, that Evans had no standing to assert constitutional violations of the attorney–client privilege apart from Witherow's own standing to assert his claims, that Evans had no standing to assert claims based upon failure to investigate Witherow's grievance(s), that Plaintiffs had no constitutional claims because it was clear they knew the calls were being monitored (negating any expectation of privacy and destroying the attorney–client privilege), that Evans's remaining possible claim under the ECPA against Baker was futile because he was prevented by previous discovery sanctions against him from presenting evidence sufficient to prove his claims, that Witherow's claims under the ECPA were precluded insofar as they alleged initial screening violations because it was clear he received the requisite notice, that there remained genuine issues of material fact whether Defendants engaged in extended monitoring of Witherow's calls in violation of the ECPA, that no liberty interest had been invaded supporting a due process violation, and that no claims lied in this case for failure to respond to grievances or for supervisory liability. (*See id.* 10–33). The magistrate judge noted that Plaintiff was no longer entitled to injunctive relief, but that he could seek statutory and punitive damages under the ECPA. (*See id.* 33–34). The Court, Judge Gloria M. Navarro,

adopted the R&R. (*See* Order, Mar. 7, 2012, ECF No. 232).

The case has been reassigned to the undersigned for trial. The remaining claims are Witherow's first claim for declaratory relief and his third through one-hundred-and fourteenth claims, as against Baker and Connally, variously, for "extended monitoring" violations of the ECPA. Defendants have jointly filed three motions in limine.

## II.   LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in

proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III.     ANALYSIS

#### A.     Motion No. 257

Defendants ask the Court to exclude evidence not relevant to the remaining claims, i.e., evidence relating only to alleged constitutional violations, attorney–client privilege, and NDOC policies and procedures. The Court grants the motion. The Court also notes that its final determination of relevance-based objections must be made in the context of testimony, but that counsel for Plaintiff should not attempt to introduce clearly irrelevant testimony in the presence of the jury before Defendants have an opportunity to object, lest they risk a mistrial. Also, the Court will not limit testimony to only three calls based upon Defendants' argument that evidence of the remaining calls should be excluded because Plaintiff failed to respond to discovery requests concerning those calls at his deposition or otherwise. Defendants may present a Rule 37 motion to the magistrate judge if they wish to obtain exclusion as a sanction for these alleged discovery violations. The Court denies the motion as a motion in limine.

///

**B.     Motion No. 258**

Defendants ask the Court to correct the record to reflect that Baker and Connally are the only remaining Defendants. The Court in fact noticed this problem before reading the present motion. Plaintiff notes in response that any previously dismissed Defendants are (or were intended to be) listed in Plaintiff's version of the Joint Pretrial Order only because they are potential witnesses, not because they are still Defendants. The Court grants the motion insofar as it is meant to clarify which parties remain for trial but denies it insofar as it is meant to limit the testimony of former Defendants.

**C.     Motion No. 259**

Defendants ask the Court to exclude any evidence of damages outside the scope of those permitted by the remaining statute supporting relief, i.e., those damages permitted by 18 U.S.C. § 2520(c)(2)(A)–(B), plus punitive damages, which the Court has already noted are available. The Court has already noted that Plaintiff alleges no actual damages, so damages are limited to "whichever is greater of $100 a day for each day of violation or $10,000." *See id.* § 2520(c)(2)(B). Defendants argue that unless Plaintiff proves Defendants violated the statute on more than 100 separate occasions, statutory damages are limited to $10,000 no matter the number of Defendants or how many times the statute was violated. *See Smoot v. United Transp. Union*, 246 F.3d 633, 644–45 (6th Cir. 2001); *Desilits v. Wal-Mart Stores, Inc.*, 171 F.3d 711, 714 (1st Cir. 1999). The Court agrees in part and interprets the statute to permit damages of $100 per day for each day on which one or more violations occurred, and against all Defendants who separately violated the statute on that day, but the damages against any single Defendant are limited to $10,000, no matter how many days any single Defendant separately violated the statute. The total number of violations does not matter, but only the total number of days on which one or more violations occurred, because the statute speaks of "day[s] of violation," not "violations." That is, the word "day" is in the accusative. It is the predicate for the $100 penalty.

The word "violation" is in the genitive and is a descriptor for the word "day." The "$100 a day" and "$10,000" options are disjunctive. A plaintiff is entitled to whichever quantity is greater.

Finally, the statute does not limit damages to those available against any single defendant, and the cases cited, *supra*, do not indicate any such interpretation of the statute. A plaintiff is presumably entitled to damages from each and every defendant who separately violates his rights. The statute does not abrogate this default rule. Of course, to the extent defendants act jointly and do not cause separate harms, a plaintiff is only entitled to recover damages once for the violation, though the judgment is rendered against all liable defendants in accordance with the joint and several liability rules of the jurisdiction. As an example, if Defendant A violates the statute twenty times per day on twelve separate days, and if Defendant B separately violates the statute one time per day on 200 separate days, a plaintiff would be entitled to $10,000 against Defendant A (because $10,000 is greater than 12 x $100) and $20,000 from Defendant B (because 200 x $100 is greater than $10,000), severally. However, if Defendants A and B had jointly caused each of these violations, the plaintiff would be entitled to $21,200 from Defendants A and B, jointly and severally (because both defendants are liable for each violation and 212 x $100 is greater than $10,000).

## CONCLUSION

IT IS HEREBY ORDERED that the Motions in Limine (ECF Nos. 257, 258, 259) are GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Clerk shall administratively terminate all parties except Witherow, Baker, and Connally.

IT IS SO ORDERED.

Dated this 11th day of June, 2013.

_____
ROBERT C. JONES
United States District Judge