**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD YORK EVANS et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:08-cv-00353-RCJ-VPC |
| vs. ) | |
| ) | |
| HOWARD SKOLNIK et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This is a prisoner civil rights case arising out of alleged illegal electronic eavesdropping of prisoners' telephone calls with their attorneys. Pending before the Court is an Objection (ECF No. 291) to the magistrate judge's minute order. For the reasons given herein, the Court grants the Objection in part and denies it in part.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiffs Donald York Evans and John Witherow filed the Complaint in June 2008, alleging that Defendants illegally intercepted privileged communications between Attorney Evans and his client, Withrow, who was during the relevant time period incarcerated at Nevada State Prison ("NSP"). (*See generally* Compl., June 26, 2008, ECF No. 2).[1] Plaintiffs listed as Defendants Inmate Calling Solutions ("ICS"), Howard Skolnik, Don Helling, William Donat, Brian Henley, and L. Baker. (*See id.*). The Nevada Department of Corrections ("NDOC") and ICS stipulated not to intercept any attorney–client communications between Evans and Witherow

---

[1]Witherow has since been released and currently resides in Michigan.

or between Evans and any of his other clients. (*See* NDOC/ICS Stip., Dec. 1, 2008, ECF No. 29).

Plaintiffs filed the First Amended Complaint ("FAC"), adding Embarq and Global Tel*Link ("GTL") as Defendants. (*See* First Am. Compl., Dec. 19, 2008, ECF No. 33). Evans stipulated to dismiss his claims against ICS. (*See* Evans Stip., Mar. 25, 2009, ECF No. 62).

Witherow filed the Second Amended Complaint ("SAC").[2] The SAC lists the following Defendants: ICS, Embarq, GTL, Skolnik, Helling, Henley, Lea Baker, and I. Connally. (*See* Second Am. Compl., May 5, 2009, ECF No. 80). The SAC lists 116 causes of action. The first and second causes of action are, like the first and second claims in the Complaint and FAC, for declaratory and injunctive relief, respectively. (*See id.* 14–15). The third through forty-ninth causes of action are brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2520, for alleged violations of federal rights guaranteed by the Fourth Amendment and the ECPA, 18 U.S.C. § 2511, by Baker's interception of attorney–client communications between Witherow and Evans between May 8 and December 27, 2007. (*See id.* 15–18). The fiftieth cause of action is a similar claim based upon Baker's interception of attorney–client communications between Witherow and Attorney Picker (one of Witherow's and Evans's former attorneys in this case) on September 12, 2007. (*See id.* 18–19). The fifty-first through fifty-eighth causes of action are similar claims based upon Baker's interception of attorney–client communications between Witherow and Attorney Hager (who has not appeared in the present case) between October 9 and December 28, 2007. (*See id.* 20–21). The fifty-ninth through ninety-third causes of action are similar claims based upon Connally's interception of attorney–client communications between Witherow and Evans between January 2 and July 25, 2008. (*See id.* 21–24). The ninety-fourth through one-hundred-and-sixth causes of action are similar claims based upon Connally's interception of

---

[2]Witherow filed the SAC *in pro se*. The Court has treated the SAC as applying only to Witherow and treated the FAC as applying to Evans.

1  attorney–client communications between Witherow and Attorney Picker between February 6 and
2  July 18, 2008. (*See id.* 24–26). The one-hundred-and-seventh through one-hundred-and-
3  fourteenth causes of action are similar claims based upon Connally's interception of
4  attorney–client communications between Witherow and Hager between January 30 and July 30,
5  2008. (*See id.* 27–28). The one-hundred-and-fifteenth cause of action is a failure-to-train claim
6  against Skolnik based upon his alleged failure to adopt policies and procedures that would have
7  prevented the alleged violations by Baker and Connally. (*See id.* 28–30). The one-hundred-and-
8  sixteenth claim is a respondeat superior claim against Henley, Donat,[3] and Helling for failing to
9  adequately investigate Witherow's grievance(s) related to the alleged illegal interceptions. (*See*
10 *id.* 30–31).

11       Embarq, ICS, and GTL each separately moved to dismiss. Witherow opposed all of the
12 motions, but Evans failed to oppose any of them, and the magistrate judge issued a Report and
13 Recommendation ("R&R"), recommending that the Court grant the motions as against Evans
14 because he failed to oppose them[4] and as against Witherow because he had not sufficiently
15 alleged that movants were state actors or that they intentionally intercepted his communications.
16 (*See* R&R, Oct. 2, 2009, ECF No. 117). The Court adopted the R&R and granted the motions to
17 dismiss, (*see* Order, Nov. 5, 2009, ECF No. 122), later clarifying that Witherow did not have
18 leave to amend, (*see* Order, Dec. 23, 2009, ECF No. 134). At that stage, the remaining claims
19 were as follows: (1) Witherow had 116 claims under the SAC against Skolnik, Helling, Henley,
20 Donat, Baker, and Connally; and (2) Evans had three claims under the FAC against Skolnik,
21 Helling, Henley, Donat, and Baker.

22

23     [3]Although listed in this cause of action, (*see id.* ¶ 61, at 30), and under the "Parties"
24 section of the SAC, (*see id.* ¶ 10, at 4), Donat is not listed in the caption of the SAC, (*see id.* 1).

25     [4]ICS's motion was moot as against Evans, because Evans had already stipulated to
dismiss his claims against ICS. (*See* Evans Stip.).

1     The magistrate judge later issued a thirty-six-page R&R as to Witherow's motion to
2 amend to name various existing individual Defendants under existing claims that theretofore had
3 implicated only other individual Defendants, Witherow's motion for partial summary judgment,
4 and Defendants' two motions for summary judgment as against the FAC (Evans's claims) and
5 the SAC (Witherow's claims), respectively. (*See* R&R, July 29, 2011, ECF No. 222). The
6 magistrate judge recommended denying Witherow's motions and granting Defendants' motions,
7 except as to Witherow's claim for illegal initial screening under the ECPA (Title III of the
8 Omnibus Crime Control and Safe Streets Act ("OCCSSA")). The magistrate judge found that
9 Witherow had exhausted his administrative remedies, that Evans had no standing to assert
10 constitutional violations of the attorney–client privilege apart from Witherow, that Evans had no
11 standing to assert claims based upon failure to investigate Witherow's grievance(s), that
12 Plaintiffs had no constitutional claims because it was clear they knew the calls were being
13 monitored (negating any expectation of privacy and destroying the attorney–client privilege), that
14 Evans's remaining possible claim under the ECPA against Baker was futile because he was
15 prevented by previous discovery sanctions against him from presenting evidence sufficient to
16 prove his claims, that Witherow's claims under the ECPA were precluded insofar as they alleged
17 initial screening violations because it was clear he received the requisite notice, that there
18 remained genuine issues of material fact whether Defendants engaged in extended monitoring of
19 Witherow's calls in violation of the ECPA, that no liberty interest had been invaded supporting a
20 due process violation, and that no claims lied in this case for failure to respond to grievances or
21 for supervisory liability. (*See id.* 10–33). The magistrate judge noted that Plaintiff was no longer
22 entitled to injunctive relief, but that he could seek statutory and punitive damages under the
23 ECPA. (*See id.* 33–34). The Hon. Gloria M. Navarro, adopted the R&R. (*See* Order, Mar. 7,
24 2012, ECF No. 232).
25     The case has been reassigned to the undersigned for trial. The remaining claims are

Witherow's first claim for declaratory relief and his third through one-hundred-and fourteenth claims, as against Baker and Connally, variously, for "extended monitoring" violations of the ECPA.

Defendants filed three motions in limine. Most relevant to the present motion, the Court denied a motion in limine asking it to exclude evidence of all telephone calls except three, because Plaintiff had allegedly failed to respond to discovery requests concerning the nature of those calls at his deposition or otherwise. The Court noted that Defendants would have to file a Rule 37 motion with the magistrate judge. They did, and the magistrate judge denied the motion. Defendants have now asked the Court to review that ruling.

## II.   LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). "Under Rule 72(a), '[a] finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993))). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

## III.     ANALYSIS

Rule 37 requires the exclusion at trial of undisclosed evidence required to be disclosed under Rule 26(a) or (e), unless the failure to disclose is substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). The minute order does not address these issues, but the magistrate judge addressed the issues on the record at the hearing upon which the minute order is based, according to the transcript provided by Defendants. At the hearing, Defendants argued that they had made inquiries, including at Plaintiff's own deposition, concerning whether any calls were of an attorney–client nature, and that Plaintiff had never been able to recall the answer as to 111 of the calls. Defendants fear that Plaintiff might attempt to ambush them with a sudden recollection of the nature of the calls at trial. The magistrate judge correctly ruled in substance, if not in so many words, that a failure to recall is not a failure to disclose, and that a witness's later alleged recollection on the stand is a matter of credibility subject to impeachment via the witness's prior inconsistent statements of non-recollection.

Plaintiff, of course, has a continuing duty to supplement his disclosures under Rule 26(e)(1)(A). Plaintiff apparently responded to discovery requests concerning the nature of 111 disputed telephone calls with one or more logs but with a lack of recollection as to the content of the calls (except for a handful of them). The moment he recalled any answers, however, the duty arose to disclose that supplemental information. By its nature, a violation of this rule may not become apparent until a party testifies at trial. Rather than awaiting an in limine interruption, the Court will at this time exclude any evidence of later-recalled content of the disputed telephone calls not already disclosed to Defendants. The Court will not exclude testimony concerning evidence already provided, such as telephone logs and the like.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Objection (ECF No. 291) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated this 20th day of August, 2013.

_____
ROBERT C. JONES
United States District Judge