UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DONALD YORK EVANS et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 3:08-cv-00353-RCJ-VPC |
| HOWARD SKOLNIK et al., | ) | **ORDER** |
| Defendants. | ) | |

This is a prisoner civil rights case arising out of alleged illegal electronic eavesdropping of prisoners' telephone calls with their attorneys. Pending before the Court is a Motion for Attorney's Fees and Costs (ECF No. 333). For the reasons given herein, the Court grants the motion as to costs but denies it as to attorney's fees.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiffs Donald York Evans and John Witherow filed the Complaint in June 2008, alleging that Defendants illegally intercepted privileged communications between Attorney Evans and his client, Withrow, who was during the relevant time period incarcerated at Nevada State Prison ("NSP"). (*See generally* Compl., June 26, 2008, ECF No. 2).[1] Plaintiffs listed as Defendants Inmate Calling Solutions ("ICS"), Howard Skolnik, Don Helling, William Donat, Brian Henley, and L. Baker. (*See id.*). The Nevada Department of Corrections ("NDOC") and ICS stipulated not to intercept any attorney–client communications between Evans and Witherow

---

[1] Witherow has since been released and currently resides in Michigan.

1  or between Evans and any of his other clients. (*See* NDOC/ICS Stip., Dec. 1, 2008, ECF No. 29).

2  Plaintiffs filed the First Amended Complaint ("FAC"), adding Embarq and Global

3  Tel*Link ("GTL") as Defendants. (*See* First Am. Compl., Dec. 19, 2008, ECF No. 33). Evans

4  stipulated to dismiss his claims against ICS. (*See* Evans Stip., Mar. 25, 2009, ECF No. 62).

5  Witherow filed the Second Amended Complaint ("SAC").[2] The SAC listed the following

6  Defendants: ICS, Embarq, GTL, Skolnik, Helling, Henley, Lea Baker, and I. Connally.

7  (*See* Second Am. Compl., May 5, 2009, ECF No. 80). The SAC listed 116 causes of action. The

8  first and second causes of action were, like the first and second claims in the Complaint and

9  FAC, for declaratory and injunctive relief, respectively. (*See id.* 14–15). The third through forty-

10 ninth causes of action were brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983,

11 and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2520, for alleged

12 violations of federal rights guaranteed by the Fourth Amendment and the ECPA, 18 U.S.C.

13 § 2511, by Baker's interception of attorney–client communications between Witherow and Evans

14 between May 8 and December 27, 2007. (*See id.* 15–18). The fiftieth cause of action was a

15 similar claim based upon Baker's interception of attorney–client communications between

16 Witherow and Attorney Picker (one of Witherow's and Evans's former attorneys in this case) on

17 September 12, 2007. (*See id.* 18–19). The fifty-first through fifty-eighth causes of action were

18 similar claims based upon Baker's interception of attorney–client communications between

19 Witherow and Attorney Hager (who has not appeared in the present case) between October 9 and

20 December 28, 2007. (*See id.* 20–21). The fifty-ninth through ninety-third causes of action were

21 similar claims based upon Connally's interception of attorney–client communications between

22 Witherow and Evans between January 2 and July 25, 2008. (*See id.* 21–24). The ninety-fourth

23 through one-hundred-and-sixth causes of action were similar claims based upon Connally's

---

[2]Witherow filed the SAC *in pro se*. The Court treated the SAC as applying only to Witherow and treated the FAC as applying to Evans.

x

interception of attorney–client communications between Witherow and Attorney Picker between February 6 and July 18, 2008. (*See id.* 24–26). The one-hundred-and-seventh through one-hundred-and-fourteenth causes of action were similar claims based upon Connally's interception of attorney–client communications between Witherow and Hager between January 30 and July 30, 2008. (*See id.* 27–28). The one-hundred-and-fifteenth cause of action was a failure-to-train claim against Skolnik based upon his alleged failure to adopt policies and procedures that would have prevented the alleged violations by Baker and Connally. (*See id.* 28–30). The one-hundred-and-sixteenth claim was a respondeat superior claim against Henley, Donat,[3] and Helling for failing to adequately investigate Witherow's grievance(s) related to the alleged illegal interceptions. (*See id.* 30–31).

Embarq, ICS, and GTL each separately moved to dismiss. Witherow opposed all of the motions, but Evans failed to oppose any of them, and the magistrate judge issued a Report and Recommendation ("R&R"), recommending that the Court grant the motions as against Evans because he failed to oppose them[4] and as against Witherow because he had not sufficiently alleged that movants were state actors or that they intentionally intercepted his communications. (*See* R&R, Oct. 2, 2009, ECF No. 117). The Court adopted the R&R and granted the motions to dismiss, (*see* Order, Nov. 5, 2009, ECF No. 122), later clarifying that Witherow did not have leave to amend, (*see* Order, Dec. 23, 2009, ECF No. 134). At that stage, the remaining claims were as follows: (1) Witherow had 116 claims under the SAC against Skolnik, Helling, Henley, Donat, Baker, and Connally; and (2) Evans had three claims under the FAC against Skolnik, Helling, Henley, Donat, and Baker.

---

[3]Although listed in this cause of action, (*see id.* ¶ 61, at 30), and under the "Parties" section of the SAC, (*see id.* ¶ 10, at 4), Donat is not listed in the caption of the SAC, (*see id.* 1).

[4]ICS's motion was moot as against Evans, because Evans had already stipulated to dismiss his claims against ICS. (*See* Evans Stip.).

1    The magistrate judge later issued a thirty-six-page R&R as to Witherow's motion to
2 amend to name various existing individual Defendants under existing claims that theretofore had
3 implicated only other individual Defendants, Witherow's motion for partial summary judgment,
4 and Defendants' two motions for summary judgment as against the FAC (Evans's claims) and
5 the SAC (Witherow's claims), respectively. (*See* R&R, July 29, 2011, ECF No. 222).  The
6 magistrate judge recommended denying Witherow's motions and granting Defendants' motions,
7 except as to Witherow's claim for illegal initial screening under the ECPA (Title III of the
8 Omnibus Crime Control and Safe Streets Act ("OCCSSA")).  The magistrate judge found that
9 Witherow had exhausted his administrative remedies, that Evans had no standing to assert
10 constitutional violations of the attorney–client privilege apart from Witherow, that Evans had no
11 standing to assert claims based upon failure to investigate Witherow's grievance(s), that
12 Plaintiffs had no constitutional claims because it was clear they knew the calls were being
13 monitored (negating any expectation of privacy and destroying the attorney–client privilege), that
14 Evans's remaining possible claim under the ECPA against Baker was futile because he was
15 prevented by previous discovery sanctions against him from presenting evidence sufficient to
16 prove his claims, that Witherow's claims under the ECPA were precluded insofar as they alleged
17 initial screening violations because it was clear he received the requisite notice, that there
18 remained genuine issues of material fact whether Defendants engaged in extended monitoring of
19 Witherow's calls in violation of the ECPA, that no liberty interest had been violated supporting a
20 due process violation, and that no claims lied in this case for failure to respond to grievances or
21 for supervisory liability. (*See id.* 10–33).  The magistrate judge noted that Plaintiff was no longer
22 entitled to injunctive relief, but that he could seek statutory and punitive damages under the
23 ECPA. (*See id.* 33–34).  The Hon. Gloria M. Navarro adopted the R&R. (*See* Order, Mar. 7,
24 2012, ECF No. 232).
25    The case was then reassigned to this Court for trial.  The jury returned a verdict for

1  Defendants, who have now asked the Court for attorney's fees and costs.

2  **II.     DISCUSSION**

3      **A.     Costs**

4      "[C]osts—other than attorney's fees—should be allowed to the prevailing party." Fed. R.

5  Civ. P. 54(d)(1). Defendants ask for $3604.60 in costs. Plaintiff objects.

6      First, Plaintiff objects to $157.30 for a transcript of a July 25, 2013 hearing because

7  "these transcripts were used solely for counsel's own use" and not requested by the Court or

8  pursuant to stipulation. The Court rejects the objection, as the costs statute does not make any

9  such distinction. *See* 28 U.S.C. § 1920(b). So long as the ordering of the transcripts was

10 reasonably necessary, the cost thereof is taxable. The transcript was on a hearing before the

11 magistrate judge to exclude evidence under Rule 37 that Defendants required to prepare their

12 Rule 72(a) motion to this Court.

13     Second, Plaintiff objects to $1290.45 for one original and one certified copy of the

14 transcript of Withrow's deposition, arguing that Local Rule 54-4 permits the taxation of "either

15 the original or a copy, but not both." $1090.45 was for the documents. $200 was for per diem,

16 presumably for the reporter. The Court rejects the objection. It is not clear that the copy

17 contained an additional charge. Most of the charge was surely for the reporter's services, not for

18 printing fees. The cost of printing the extra copy was surely minimal, and the extra copy may

19 have been included by the company as a rule, seeing as the charge for the original and one

20 certified copy of the transcript were listed as a single charge, with the per diem listed separately.

21 The Court may reconsider if Plaintiff can show that the extra copy was gratuitous as well as the

22 amount that would have been saved had Defendants only obtained one copy.

23     Third, Plaintiff objects to $864.51 in witness fees for Mr. Donat for car rental, milage,

24 meals, and lodging, as well as $35 for the service of his subpoena. Fees for witnesses are

25 permitted. *See* 28 U.S.C. § 1920(c). Plaintiff admits Mr. Donat lives in Sacramento, California

but argues that because Mr. Donat resides over 100 miles form the Reno courthouse, fees relating to him should be denied under Rule 45. Rule 45 lists territorial limits of the power to subpoena a witness. At most, this rule is relevant in the present context to the subpoena costs. It is not relevant to the actual witness costs. The inability to compel witness attendance by subpoena has nothing to do with whether a litigant may recover the costs related to a witness who does in fact appear. The Court denies this objection.

Fourth, Plaintiff objects to $1137.35 in witness fees for Lea Baker for car rental, milage, meals, and lodging. The Court finds the costs reasonably necessary.

### B. Attorney's Fees

Unlike costs, which "should be allowed to the prevailing party," under Rule 54(d), attorney's fees are only available if separately provided for by "statute, rule, or other grounds . . . ." *See* Fed. R. Civ. P. 54(d)(2)(B)(ii). Defendants ask for fees based upon Federal Rule 68, Nevada Rule 68, and Nevada Revised Statute ("NRS") section 17.115.

Federal law governs attorney's fees in federal-question cases such as the present one. *See Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940 (9th Cir. 2009) (citing *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000)) ("The district court awarded attorney fees to the school district pursuant to Rule 82 of the Alaska Rules of Civil Procedure, which entitles the prevailing party in a civil case to attorney fees. This was error. In a pure federal question case brought in federal court, federal law governs attorney fees."). Therefore, Federal Rule 68 is the only appropriately invoked provision that might provide a basis for fees in this case.

Although Rule 68 provides only for "costs" by its text, the Supreme Court has interpreted the rule to include all costs properly awardable under the relevant substantive statute, including attorneys' fees where included in the statute's definition of "costs." *Marek v. Chesny*, 473 U.S. 1, 9 (1985). Although Defendants do not explicitly invoke it, that underlying substantive statute in

the present case would be 42 U.S.C. § 1988(b), which provides for "a reasonable attorney's fee as part of the costs." Therefore, fees and costs would be mandatory under Rule 68 in this case if the rule were otherwise satisfied. But Rule 68 is clearly not satisfied, because although Plaintiff did not receive a judgment greater than the offer he rejected, he obtained no judgment at all. *See Delta Air Lines v. August*, 450 U.S. 346, 352 (1981) ("In sum . . . it is clear that [Federal Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment."). In diversity cases, this fact pattern results in the application of Nevada Rule 68 and NRS section 17.115, but this is a pure federal-question case, so state law is inapplicable, *see Disability Law Ctr.*, 581 F.3d at 940.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 333) is GRANTED IN PART and DENIED IN PART. Costs are awarded in the amount of $3604.60, but attorney's fees are denied.

IT IS SO ORDERED.

Dated this 26th day of November, 2013.

_____
ROBERT C. JONES
United States District Judge