UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD YORK EVANS et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HOWARD SKOLNIK et al.,<br><br>Defendants. | 3:08-cv-00353-RCJ-VPC<br><br>ORDER |

Plaintiffs Donald York Evans and John Witherow filed the Complaint in this case in June 2008 alleging that Defendants illegally intercepted privileged communications between Attorney Evans and his client, Withrow, who was in the custody of the Nevada Department of Corrections ("NDOC") at Nevada State Prison ("NSP"). Plaintiffs listed as Defendants Inmate Calling Solutions ("ICS"), Howard Skolnik, Don Helling, William Donat, Brian Henley, and L. Baker. The First Amended Complaint ("FAC") added Embarq and Global Tel*Link ("GTL") as Defendants. Evans stipulated to dismiss his claims against ICS. Witherow filed the Second Amended Complaint ("SAC"), which listed 116 causes of action against ICS, Embarq, GTL, Skolnik, Helling, Henley, Lea Baker, and I. Connally. The first and second causes of action were for declaratory and injunctive relief, respectively. The third through one-hundred-and-fourteenth causes of action alleged violations of the Fourth Amendment and the Electronic

Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511, by Baker's and Connally's interceptions of attorney–client communications between Witherow and his various attorneys between May 8, 2007 and July 30, 2008. The one-hundred-and-fifteenth cause of action was a failure-to-train claim against Skolnik. The one-hundred-and-sixteenth cause of action was a respondeat superior claim against Henley, Donat, and Helling.

Embarq, ICS, and GTL separately moved to dismiss. Witherow opposed the motions, but Evans failed to oppose them, and the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant the motions as against Evans because he failed to oppose them and as against Witherow because he had not sufficiently alleged movants were state actors or that they intentionally intercepted his communications. This Court adopted the R&R and granted the motions to dismiss, later clarifying that Witherow did not have leave to amend. At that stage, the following claims remained: (1) Witherow had 116 claims under the SAC against Skolnik, Helling, Henley, Donat, Baker, and Connally; and (2) Evans had three claims under the FAC against Skolnik, Helling, Henley, Donat, and Baker.

The Magistrate Judge later issued a thirty-six-page R&R as to Witherow's motions to amend and for partial summary judgment and Defendants' motions for summary judgment. The Magistrate Judge recommended denying Witherow's motions and granting Defendants' motions, except as to Witherow's claim for illegal initial screening under the ECPA. The Magistrate Judge found that Witherow had exhausted his administrative remedies, that Evans himself had no standing to assert constitutional violations of the attorney–client privilege, that Evans had no standing to assert claims based upon failures to investigate Witherow's grievance(s), that Plaintiffs had no constitutional claims because they had no reasonable expectation of privacy in calls they knew were being monitored, that Evans's potential claim against Baker under the

ECPA was futile because discovery sanctions prevented him from presenting evidence sufficient to prove it, that Witherow's claims under the ECPA were precluded insofar as they alleged initial screening violations because it was clear he received the requisite notice, that there remained genuine issues of material fact whether Defendants engaged in extended monitoring of Witherow's calls in violation of the ECPA, that no liberty interest had been violated supporting a due process violation, and that no claims lied for failure to respond to grievances or for supervisory liability. The Magistrate Judge noted that Witherow was no longer entitled to injunctive relief, but that he could seek damages under the ECPA. Judge Navarro adopted the R&R.

The case was reassigned to this Court for trial. The jury returned a verdict for Defendants. Plaintiffs appealed. The Court of Appeals affirmed in all respects but one: it reversed and remanded for further proceedings as to the Fourth Amendment claims, ruling that this Court should examine those claims in the first instance under the "normative inquiry" approach, *United States v. Scott*, 450 F.3d 863, 867 (9th Cir. 2005), not the "reasonable expectation of privacy" approach, with appropriate deference to Defendants in light of any legitimate penological concerns, *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Court conducted the required analysis based on the existing record and entered judgment in favor of Defendants. The Court of Appeals reversed and remanded, ruling that Plaintiffs should have been given a chance to file new briefs as to the Fourth Amendment claims. The mandate issued over a year ago, but Plaintiffs have taken no action in the case. Accordingly, Defendants have moved to dismiss for lack of prosecution. The Court denies that motion but will not simply proceed to trial without addressing the Fourth Amendment claims on summary judgment, as Plaintiff suggests.

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 377) and the Motion for Pretrial Conference (ECF No. 379) are DENIED.

IT IS FURTHER ORDERED that any party wishing to file a motion for summary judgment as to the Fourth Amendment claims according to the legal standards identified by the Court of Appeals must do so within twenty-one (21) days. Responses and replies will be due according to the local rules.

IT IS SO ORDERED.

Dated this 7th day of August, 2018.

_____
ROBERT C. JONES
United States District Judge